**John M. BURCH, Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Defendant.**

Civ. No. 68–109.

United States District Court, S. D. Florida.

Jan. 29, 1971.

Final Order Feb. 3, 1971.

---

Kelly, Black, Black & Kenny, Miami, Fla., for plaintiff.

Plato E. Papps, Washington, D. C., and Manners & Amoon, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEHRTENS, District Judge.

This cause came on to be heard before me upon the Plaintiff filing a Complaint

for Temporary Restraining Order, Preliminary Injunction and a Permanent Injunction, enjoining and restraining the Defendant International Association of Machinists and Aerospace Workers, AFL–CIO. Hearings were held in Miami, Florida, on February 23rd and 26th, 1968 and by agreement of the parties the hearings were treated in all respects as final, with the Court to enter whatever final Orders would be appropriate. The Court has heard the testimony and arguments from all the parties; has reviewed the pleadings; has reviewed the transcript of testimony; and has reviewed the various exhibits heretofore filed and admitted into evidence; and has reviewed the law. Thereupon, the Court makes the following:

## FINDINGS OF FACT

1. This Plaintiff, John M. Burch, from February, 1963 to November 7, 1967, served as President and General Chairman of District 145, a lawfully constituted and recognized District of the Defendant, the International Association of Machinists and Aerospace Workers, AFL–CIO.

2. That as of October 1, 1967, the Defendant had not received any payments of dues for July, August or September, 1967 from the Plaintiff or anyone else on the Plaintiff's behalf.

3. That on October 2, 1967, the Financial Secretary of Local Lodge 368 (the Lodge of the IAMAW, in which the Plaintiff held membership) notified the Defendant, in writing, of the dues-lapsing situation of the Plaintiff.

4. That on October 2, 1967, in mid-afternoon, someone other than Plaintiff tendered Plaintiff's lapsed dues to the Financial Secretary of Local Lodge 368 who refused to accept them.

5. That upon receipt of the October 2, 1967 letter from the Financial Secretary of Local Lodge 368, the Defendant, through its General Secretary-Treasurer ordered the matter investigated and, accordingly, after the investigation was conducted the Defendant determined that the Plaintiff's membership had lapsed as of October 1, 1967.

6. On October 27, 1967, the Defendant instructed District 145 to remove the Plaintiff from the payroll because of the "Lapsation of his membership", and, accordingly, the District, rather reluctantly, so acted and removed the Plaintiff from the payroll effective November 7, 1967.

7. Pursuant to requests from both the District and Local Lodges to discuss the Burch matter, the Defendant, through its International President not only agreed to meet with the District-Local Committee, but invited the Committee to meet with the entire Executive Council of the Defendant.

8. The Committee from the District and Local Lodges did meet with the Defendant's Executive Council on December 9, 1967 and subsequently thereto, on December 27, 1967, the Executive Council did advise the District and the Local Lodges that the Plaintiff's membership had lapsed.

9. The IAMAW did not conspire with anyone to have Burch's dues lapse and did not in any way contrive or connive to make Burch forget to pay his dues within the proper time period.

10. There has been no showing that the Defendant has accepted the late payment of dues from or on behalf of others.

This Court finds that the only and proper issue before it is whether Burch's membership was properly and legally lapsed, and, accordingly, makes the following:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and both causes of action, 29 U.S.C. §§ 412 ad 529, Rothstein v. Manuti, 235 F.Supp. 39 (S.D.N.Y.1963).

2. Defendant did not violate 29 U.S.C. §§ 411(a) (2), 411(a) (5); 411(b); 412 or 529 of the Act, (Sections 101(a) (2); 101(a) (5); 101(b); 102; or

609) by cancelling Plaintiff's membership for non-payment of dues.

3. Plaintiff did not make a timely dues tender as required by the Union's Constitution.

4. Article I, Section 15 of the Union's Constitution is not in violation of law and is a lawful and contractual requirement for the continued retention of union membership, Webb v. Donaldson, 214 F.Supp. 142 (D.C.Pa.1962); International Association of Machinists v. Gonzales, 356 U.S. 617, 618, 78 S.Ct. 923, 2 L.Ed.2d 1018.

5. Defendant did not conspire to deprive Plaintiff of his membership rights in the Union.

6. Defendant was not disciplined or denied procedures guaranteed by 29 U.S.C. § 411(a) (5), as he was not illegally expelled from the Union.

7. Plaintiff is not entitled to reinstatement as President and General Chairman of the Executive Board of District Lodge No. 145 of the IAMAW.

8. Plaintiff is not entitled to any damages or attorney's fees.

9. The Complaint must be, and is, dismissed with costs to be taxed to the Plaintiff.

Accordingly, it is considered, ordered and adjudged that the Plaintiff's Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction be and the same is hereby denied. The Defendant's Motion to Dismiss the Complaint, with prejudice, is hereby granted with costs to be taxed to the Plaintiff.

## FURTHER FINDINGS OF FACT PURSUANT TO MANDATE OF COURT OF APPEALS, AND FINAL ORDER

This cause came on for further hearing on December 23, 1970, pursuant to an Order dated November 30, 1970, entered by the Court on the Mandate of the United States Court of Appeals for the Fifth Circuit dated November 1, 1970, and the Court having carefully read the Opinion of the United States Court of Appeals for the Fifth Circuit, 433 F.2d 561, having read the memoranda submitted by counsel for the parties, and having considered the evidence offered by the parties at the aforementioned hearing, oral argument of counsel at said hearing, and all the evidence, arguments and memoranda earlier presented, makes the following further findings and conclusions and the following final order:

## FURTHER FINDINGS

■ 1. Burch's membership was cancelled for non-payment of dues inside the constitutional limits. The termination of Burch's membership for this reason was arbitrary and discriminatory. In practice, membership is not terminated automatically for non-payment of dues inside limits. Some are cancelled for this, but some are not. Enforcement of the provisions in the Constitution of the IAMAW relating to cancellation of membership for non-payment of dues is left entirely in the hands of the Financial Secretaries of the various local unions. They follow various practices, sometimes not cancelling membership for non-payment of dues in limits and sometimes cancelling membership for non-payment of dues in limits. There are no uniform standards for determining who gets cancelled and who does not for failure to pay dues inside limits. The Financial Secretary of Burch's local followed no rational nor uniform standards in cancelling Burch's membership. The Financial Secretary of Burch's local sometimes cancelled membership for non-payment of dues within limits but sometimes he did not. He allowed some members directly to pay their dues out of limits, and allowed others indirectly to pay their dues out of limits either by advancing the money on their behalf or backdating the out-of-limits payment on the record. In deciding who he would cancel and who he would continue, the Financial Secretary of Burch's local followed no rational and uniform standards. By cancelling Burch's member-

ship for non-payment of dues within limits and allowing other members in similar status to continue their membership, the Defendant denied Burch rights and privileges equal to those of such other members, including, among others, the rights and privileges specifically enumerated in Title 29, Section 411(a) (1) of the United States Code, which section is entitled "Equal Rights", and this conduct of the Defendant was not justified by any reasonable rules or regulations in the Defendant's Constitution or By-Laws.

■ 2. Burch's job was terminated as President and General Chairman of District 145 of the IAMAW solely on the basis that he was not a member in good standing of the IAMAW after October 1, 1967; his right to membership on the date of his termination from his office therefore comes with it his right to the office.

3. Burch's membership in the IAMAW was illegally cancelled as of November 7, 1967, and his job as President and General Chairman of District 145 was illegally terminated as of that date. Reinstatement to that position as of this date is feasible. Burch is entitled to be reinstated as President and General Chairman of District Lodge No. 145 forthwith.

■ 4. As a proximate result of the wrongful termination of his membership as of November 7, 1967, Burch has lost his pay as President and General Chairman from November 1, 1967, to December 31, 1970. His salary at time of termination was at least $12,000 per year. Burch is due to receive as damages from the Defendant IAMAW the sum of $38,000, the amount of salary he lost between November 1, 1967 and December 31, 1970, as a proximate result of the illegal termination of his membership by the IAMAW. Burch is entitled to salary at the current rate carried by the office of President and General Chairman of District 145 from January 1, 1971 until his term naturally expires.

■ 5. As a proximate result of the illegal termination of his membership by the IAMAW, Burch has been caused to incur an obligation for reasonable attorney's fees to Hugo L. Black, Jr., of Kelly, Black, Black and Kenny, P.A. On the basis of the Court's knowledge of legal charges for services in the area of Dade County, Florida, and the Court's knowledge of the services performed by Burch's counsel herein, the Court finds that a fee of $3000.00 is reasonable. The Court deems it proper in the circumstances of this case that this fee should be paid by the Defendant, IAMAW.

## FURTHER CONCLUSIONS OF LAW

1. The Defendant, IAMAW, violated Title 29, Section 411(a) (1) in expelling John Burch from union membership in this case.

■ 2. This Court has jurisdiction under Title 29, Section 412 of the United States Code to render any relief appropriate by virtue of the infringement by the Defendant of Burch's rights to equal rights and privileges under Title 29, Section 411(a) (1) of the United States Code; including but not limited to reasonable attorney's fees. See, e. g. Gartner v. Soloner, C.A.Pa.1967, 384 F. 2d 348, certiorari denied 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302; Retail Clerks Union, Local 648 v. Retail Clerks Intern. Ass'n, D.C.D.C.1969, 299 F.Supp. 1012.

## FINAL ORDER

1. The Defendant, International Association of Machinists and Aerospace Workers, AFL–CIO, shall forthwith expunge the cancellation of John Burch's membership from its records and cause the cancellation of his membership to be expunged from the records of all subordinate bodies; and shall forthwith restore John Burch's membership in the Defendant and all its subordinate bodies to its precise status as of September 15, 1967.

2. The Defendant, International Association of Machinists and Aerospace

Workers, AFL–CIO, shall forthwith reinstate the Plaintiff, John Burch, as President and General Chairman of District Lodge 145 of the International Association of Machinists and Aerospace Workers, AFL–CIO, at the current salary carried by the position.

3. The Plaintiff, John Burch, shall have and receive of the Defendant, International Association of Machinists and Aerospace Workers, AFL–CIO, the sum of $38,000.00 as damages, the sum of $3,000.00 as attorney's fees, and his costs, for which let execution issue.