## BIREN v. UNITED STATES.

### No. 13520.

United States Court of Appeals
Ninth Circuit.
March 17, 1953.

Irving Louis Biren, in pro. per.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, and George M. Treister, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On October 13, 1949, in the Superior Court of the State of California in and for the County of Los Angeles, appellant, Irving Louis Biren, pleaded guilty to three counts of an indictment or information, each charging him with grand theft.[1] Thereupon, on October 13, 1949, the Superior Court entered a judgment imposing an indeterminate prison sentence of not less than one nor more than ten years[2] on each of the three counts, the three sentences to run concurrently. Appellant began serving the three sentences in the State prison at San Quentin, California, on October 25, 1949.

On November 29, 1949, in response to a writ of habeas corpus ad prosequendum issued by the United States District Court for the Southern District of California, Central Division, and directed to the warden of the State prison, appellant was brought into the District Court and there pleaded guilty to two counts of an indictment—one (count 5) charging a violation of 18 U.S.C.A. § 287 and one (count 7) charging a violation of 26 U.S.C.A. Int.Rev.Code, § 145(c).[3] Thereupon, on November 29, 1949, the District Court (Judge Leon R. Yankwich presiding) entered a judgment imposing a prison sentence of five years on count 5 and a prison sentence of two years on count 7, the two sentences to run concurrently, but not to begin "until release of [appellant] from custody by the State of California." Immediately following the entry of the District Court's judgment, appellant was returned to the State prison.

On January 13, 1950, while in the State prison, appellant, by his attorneys, filed with the clerk of the District Court a motion reading as follows: "Comes now [appellant] and moves the court to modify the sentence of [appellant], upon the grounds that the sentence of five (5) years' confinement in a Federal penitentiary, to run consecutive to the sentence from one (1) to ten (10) years in the State penitentiary, is excessive." The District Court (Judge Yankwich presiding) entered an order denying that motion on January 23, 1950. From that order appellant appealed on January 31, 1950. On March 7, 1950, appellant, by his attorneys, and appellee, the United States, by

1. See California Penal Code, §§ 484–489.

2. See California Penal Code, §§ 489, 1168.

3. Section 145(c) was repealed on August 27, 1949. See 63 Stat. 668. However, appellant's violation thereof occurred on January 3, 1949.

its attorney, stipulated that that appeal might be dismissed.[4] Accordingly, that appeal is dismissed.

Prior to April 8, 1952, the California Adult Authority determined that the length of time appellant should serve on the sentences imposed by the Superior Court's judgment of October 13, 1949, was five years[5]—2½ years, beginning October 25, 1949, in the State prison and 2½ years, beginning April 25, 1952, on parole.

On April 8, 1952, while in the State prison, appellant wrote and mailed to Judge Yankwich a motion which was filed with the clerk of the District Court on April 11, 1952.[6] That motion was as follows:

"Comes now [appellant] and moves the court to:

"(1) Grant [appellant] a probation hearing.

"(2) Suspend execution of the Federal sentence meted in this case, and to grant probation in lieu thereof.

"(3) And if the facts re: probation hearing cannot be presented to this honorable court prior to April 25, 1952, then stay of execution of sentence of the court in this case be granted, until such time as the court has had sufficient time for review; but not so as to jeopardize [appellant] as to the commencement of his Federal sentence on April 25, 1952, which would then deny him the rights of motions one (1) and two (2).[7]

"(4) That due to lack of funds [appellant] is unable to retain adequate counsel; and that [appellant] respectfully requests the court to appoint such counsel for [appellant] to present his case and/or motions.

"(5) That the court order the United States Federal marshal, San Francisco, California, to transport [appellant] to the jurisdiction and presence of the court when he is released from State custody April 25, 1952, so that [appellant] may have the opportunity of conferring with counsel appointed by the court, and further present in person any added information that may be deemed necessary to his case.

"(6) That if the motions are denied, that specific reasons for their denial are to be made, and that [appellant] be forwarded a copy of the transcript of these reasons.

"(7) That [appellant] when and if taken into custody by the U. S. marshal, shall be placed in detention, and not to have commenced sentence, until such motions to be heard and presented, are ruled upon.

"That said motions are made upon the grounds that [appellant] is prepared to show facts and evidence, through the Federal probation authorities, that the sentence imposed under the original sentence of five (5) years, and two (2) years confinement in a Federal penitentiary to run concurrently, but to run consecutively to the sentence, original, from one (1) to ten (10) years, consisting of two and one-half (2½) years incarceration, and two and one-half (2½) years parole, is now excessive."

The District Court (Judge Yankwich presiding) entered an order denying that motion on April 11, 1952. From that order appellant appealed on April 21, 1952. That appeal is dismissed (1) because that order was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and was not appealable, and (2) because, even if that order was appealable, that appeal is a frivolous one.

Appeals dismissed.

4. The stipulation was filed with the clerk of the District Court on March 9, 1950, and with the clerk of this court on August 28, 1952.

5. See California Penal Code, §§ 3000, 3020, 3021.

6. That motion was labelled "motions," and the numbered paragraphs thereof were therein referred to as "motions."

7. See footnote 6.