**Alphonse T. CUOZZO, John Catanzaro and Nathan Sutton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 21453.**

United States Court of Appeals Fifth Circuit.

Jan. 18, 1965.

C. Dale Harman, Henry Hall Ware III, Atlanta, Ga., for appellants.

Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, Chief Judge, and MOORE * and BELL, Circuit Judges.

PER CURIAM:

On the previous appearance of this case, 325 F.2d 274, we affirmed save in the respect that the District Court failed to accord appellants the right of allocution. The sentences were vacated and the cases remanded so that this right might be afforded each of them prior to being resentenced. They were thereafter resentenced and this appeal followed.

There is no merit in the contention that the sentences are subject to modification as being harshly disparate when compared to sentences imposed upon others for like crimes. Neither is there any merit to the claim that the right of allocution, as finally afforded, was illegally diminished. The question as to the effect of the resentencing on parole and good time credits presents another matter.

The District Court on resentencing appellants made it plain that it intended to impose the same sentences as originally imposed, with each of the new sentences to, in effect, run from the date of the original sentences so as not to deprive appellants of any rights theretofore accrued, including time previously served and good time credits. There was no specific mention of parole benefits, but it is implicit in the statements of the District Court that appellants were likewise to suffer no prejudice in this regard by reason of being resentenced. Judgments were prepared by the United States Attorney imposing the sentences prospectively, i. e., eight years and two months from January 13, 1964, rather than ten years from March 14, 1962. This action resulted, no doubt inadvertently in view of the clear statements of the District Court, in the date of parole eligibility being extended, and in a loss of more than a year in the time when the sentences will expire with good time credit.

We have recently held that where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the former must control. See Henley v. Heritage, 5 Cir., 1964, 337 F.2d 847, and the authorities there cited. It follows that the judgments which form the subject matter of this appeal must be modified to give effect to the oral pronouncements. To that end it is ordered, adjudged and decreed that the judgments and commitments relating to appellants, respectively, are each modified to provide and include that all parole benefits and good time credits shall be calculated as though appellants, and each of them, were serving a ten year sentence from March 14, 1962, the date of the original sentence. See McDonald v. Moinet, 6 Cir., 1944, 139 F.2d 939.

The judgments, except as modified, are affirmed. Judgment is hereby rendered as to the modifications; the District Court is directed to amend each accordingly, and the case is remanded for that purpose.

Affirmed in part; modified in part; judgment as to modification rendered; remanded with direction.

* Of the Second Circuit, sitting by designation.