**Earnest T. PAGE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 20132.**

United States Court of Appeals Ninth Circuit.

Jan. 14, 1966.

Rehearing Denied March 22, 1966.

Donald C. Duchow, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

Earnest T. Page was charged in seven counts of a twenty-count indictment with violations of the federal narcotic laws. One of these counts was dismissed, leaving six counts (Nos. 10, 11, 14, 15, 16 and 19) standing against him. Page was tried by a jury and convicted on all six counts. He was sentenced to imprisonment for twenty years on each of the counts, the sentences to run concurrently. Page then took this appeal.

In his opening brief on appeal, prepared by retained counsel, Page makes two specifications of error. Both relate to his conviction on counts 16 and 19, and neither makes any reference to the transactions involved in counts 10, 11, 14 and 15. The argument in Page's opening brief, following the limited scope of the specifications of error, deals only with Page's conviction on counts 16 and 19.

Calling attention to these circumstances, the United States has moved to dismiss the appeal. It argues that even if there is merit in appellant's argument directed to his convictions on counts 16 and 19, the concurrent sentences on counts 10, 11, 14 and 15 will remain in effect, and therefore nothing will be accomplished by proceeding with the appeal.

It has been held time and again that where, on appeal, a conviction on one count is found to be valid, the appellate court will not look into the validity of convictions on other counts carrying sentences concurrent with that of the valid conviction. See Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321; Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Mendez v. United States, 9 Cir., 349 F.2d 650, 652; Head v. United States, 9 Cir., 346 F.2d 194, 196; Brothers v. United States, 9 Cir., 328 F.2d 151, 157, and cases therein cited.

It is true, however, that if the asserted error as to one or more counts is of such a prejudicial nature that it infected the entire trial and deprived appellant of a fair trial on the other counts, such error constitutes, in effect, error as to all counts.

Page made no contention in the trial court, by motion for a new trial or otherwise, that the asserted errors as to counts 16 and 19 deprived him of a fair trial on the other four counts. Nor did he make such a contention in his opening brief. The Government's motion to dismiss the appeal was served and filed on December 8, 1965, but retained counsel for appellant made no written response thereto.

Oral argument was had on December 27, 1965, and then, for the first time, counsel for appellant argued that the claimed error as to counts 16 and 19 deprived him of a fair trial as to counts 10, 11, 14 and 15. Counsel asserted that failure to advance this argument in his opening brief was an inadvertence, and

requested an opportunity to file a supplement to his opening brief.

■ We have carefully examined the transcript of record which has been filed and are able to say now that, in our opinion, Page's convictions on counts 10, 11, 14 and 15 were not tainted by the asserted errors as to counts 16 and 19.

In count 16, Page was charged with concealment of 528.950 grams of heroin on July 1, 1964, in violation of 21 U.S.C. § 174. In count 19, Page was charged with concealing 897.360 grams of marihuana on July 1, 1964, in violation of 21 U.S.C. § 176a. One of the specifications of error directed to these two counts raised the question of unlawful search and seizure at Page's home, where the heroin and marihuana described in those counts were found. The other specification of error directed to those counts raised the question of whether the trial court had erred in refusing to allow appellant, out of the presence of the jury, to present further argument on appellant's motion to suppress the heroin and marihuana seized at Page's home on July 1, 1964.

The transactions described in counts 10, 11, 14 and 15, were entirely independent of those described in counts 16 and 19. They occurred at earlier dates, involved other quantities of narcotics, were concerned with sales rather than concealment, involved no search and seizure and were proved by direct and substantial evidence consisting of the testimony of an eyewitness and participant.

■ Under the indicated circumstances, this appeal is probably subject to dismissal as frivolous. This is an accepted ground of dismissal. See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; Reiff v. United States, 9

Cir., 288 F.2d 887, 888; Edwards v. United States, 9 Cir., 286 F.2d 704; Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851; Biren v. United States, 9 Cir., 202 F.2d 440.

■ However, we prefer to treat the Government's motion as one to affirm rather than dismiss. While the Rules of the Ninth Circuit do not'specifically provide for a motion to affirm, Rule 8(2) provides that the practice shall be the same as in the Supreme Court of the United States, as far as the same shall be applicable. Rule 16(1) of the Rules of the Supreme Court provides for motions to affirm on appeal where it is manifest that the questions on which the decision of the cause depends are so insubstantial as not to need further argument. See Robert L. Stern and Eugene Gressman: Supreme Court Practice, 3rd ed., §§ 7–12, pages 286–290. In our opinion the practice of permitting motions to affirm, as authorized by Rule 16(1) of the Rules of the Supreme Court, is applicable to appeals in this court.

[6] The basis for the rule announced in *Lawn, Sinclair, Mendez* and the other cases cited above is that errors which are harmless are to be disregarded. See Head v. United States, 9 Cir., 346 F.2d 194, 196. This accords with Rule 52(a), Federal Rules of Criminal Procedure, that harmless error is to be disregarded. The errors which appellant specifies with regard to counts 16 and 19 are harmless because they leave intact concurrent sentences imposed upon Page under the other four counts. In our opinion, harmless errors are so insubstantial as not to need further argument.

[7] The motion to affirm is therefore granted [1] and the judgment and sentence are

Affirmed.

---

1. Ordinarily motions to affirm will be granted or denied without opinion. We utilize an opinion in this case because this is the first instance to come to our attention in which the court has acted upon such a motion. Motions to affirm should be made only after the appellant's brief is on file and only where, as here, the insubstantiality of the questions raised on appeal is clearly ascertainable from an examination of the record and the opening brief. The court may, after examining the motion papers, and without calendaring oral argument thereon, pass a motion to affirm for consideration at the time the appeal is argued on the merits.