**Natividad BACA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9327.**

United States Court of Appeals Tenth Circuit.

Oct. 5, 1967.

---

Jack D. Bachman, Denver, Colo., for appellant.

Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., with him on the brief) for appellee.

Before MURRAH, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge* and HICKEY, Circuit Judge.

MURRAH, Chief Judge.

This appeal is from an order denying a motion to vacate a sentence brought pursuant to 28 U.S.C. § 2255. Appellant was convicted by a jury on six separate counts charging him with violations of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Counts I and II charged a conspiracy to receive, conceal, and sell heroin; Counts III and V charged the appellant with illegally receiving and concealing heroin; and Counts IV and VI charged appellant with illegal sales of heroin. As reflected by the judgment and commitment, appellant was sentenced to five years each on Counts I and II and eighteen years on each of Counts III, IV, V and VI. All sentences were to be served concurrently.

Among the numerous issues raised by appellant in his pro se petition, his appellate counsel stressed the following contention as grounds for vacating the sentences:

1. hostility and bias of the trial judge prevented appellant from receiving a fair trial or a just sentence;

2. the trial court erred in refusing to grant a new trial on the grounds of newly discovered evidence;

3. the court's failure to properly arraign appellant on one count viti-

* Of the United States Court of Appeals for the District of Columbia, sitting by designation.

ated the conviction as to all counts; and

4. the general sentence of eighteen years orally pronounced from the bench was improper and the judgment and commitment based on it is a nullity.

■■ We have previously considered the contention that appellant was improperly denied a new trial and found that "[t]he action taken by the trial judge was clearly within his sound discretion." Baca v. United States, 312 F. 2d 510, 512 (10 CA 1962) cert. den. 373 U.S. 952, 83 S.Ct. 1682, 10 L.Ed.2d 706. A motion to vacate a sentence is not a substitute for an appeal, Carrillo v. United States, 332 F.2d 202 (10 CA 1964); Johnston v. United States, 331 F.2d 997 (10 CA 1964) cert. den. 384 U. S. 920, 86 S.Ct. 1371, 16 L.Ed.2d 441, and issues disposed of on direct appeal will not be reconsidered on collateral attacks. Evans v. United States, 346 F.2d 512 (8 CA 1965) cert. den. 382 U.S. 881, 86 S.Ct. 170, 15 L.Ed.2d 121. Although briefed by both parties, we do not believe that the ends of justice would be served by a reconsideration of this issue.

■ Although not raised on Direct appeal, Baca now alleges bias and prejudice of the trial judge. We have reviewed the entire transcript of the 1962 trial and find no evidence of bias and prejudice. Previously we have had occasion to review the colorful language of the late Judge Waldo Rogers and pointed out that "a trial judge may and often should appraise both the offense and the offender at the time of sentencing and may use emphatic and forceful language which is understandable to the offender." Montgomery v. United States, 344 F.2d 955 (10 CA 1965).

■■ We next turn to the legal effect of the fact that Baca was inadvertently not arraigned on Count IV of the indictment. The government contends that this technical defect was waived by going to trial but argues that in the absence of waiver, appellant suffered no prejudice if the remaining five counts support the sentence. We agree that appellant is not entitled to Section 2255 relief if his imprisonment can be sustained under the other five counts, and we therefore decline to reach the waiver question. The issue involving the lack of arraignment is inextricably connected to appellant's contention that he is serving a general eighteen year sentence, for he argues that his sentence should be vacated because general sentences are not favored but specifically because his sentence is based to an unknown extent upon a conviction on a charge upon which appellant was not arraigned. The transcript reveals that the trial judge did orally pronounce a general eighteen year sentence from the bench, but the record also shows that the trial judge signed a formal judgment and commitment which provided for a separate sentence for each of six counts. This court has said that "a court may impose one sentence on * * * conviction on two or more offenses charged in the same indictment without apportioning the sentence to the respective counts in the indictment * * * provided the gross sentence imposed is not in excess of the maximum allowed by law for all the offenses of which the defendant is guilty." Levine v. Hudspeth, 127 F.2d 982, 984 (10 CA 1942) cert. den. 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507; accord, Morrison v. Hunter, 161 F.2d 723 (10 CA 1947). Although the sentence in the case at bar is factually distinguishable from the general sentence condemned in Benson v. United States, 332 F.2d 288 (5 CA 1964), we are not unmindful that the thrust of Judge Brown's opinion is equally applicable here. We also note that Benson has not been extended to situations where, as here, the general sentence is not greater than the maximum sentence which could have been imposed upon conviction of a single count of a multi-count indictment. Clark v. United States, 367 F.2d 378 (5 CA 1966). We need not however decide the fate of either type of general sentence since we have concluded that Baca is not serving a general sentence.

In conformity with the requirements of Rule 32(b), Federal Rules of Criminal Procedure, the trial judge signed a formal judgment and commitment which carried a specific sentence for each of the counts. Prior to the advent of Rule 32(b) the "judgment" in a criminal case was the sentence pronounced from the bench and not the clerk's entry of judgment or the commitment order. 4 Barron, Federal Practice and Procedure § 2267 (Rules Edition 1951); Walden v. Hudspeth, 115 F.2d 558 (10 CA 1940); Watkins v. Merry, 106 F.2d 360 (10 CA 1939); Wilson v. Bell, 137 F.2d 716 (6 CA 1943); but see United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L. Ed. 290 (1944). If the commitment order departed from the terms of the judgment behind it, the order was void. Hill v. United States ex rel. Wampler, 298 U.S. 460, 465, 56 S.Ct. 760, 80 L.Ed. 1283 (1936). It would seem that Rule 32(b) has, at a minimum, enhanced the prestige of the written judgment, see Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492, 497–501 (D.C. CA 1957) (dissenting opinion) even though the general rule still requires that any conflict between the oral pronouncement and the formal judgment and commitment must be resolved in favor of the former. United States v. Morse, 344 F.2d 27 (4 CA 1965); Cuozzo v. United States, 340 F.2d 303 (5 CA 1965); Kennedy v. Reid, supra; Spriggs v. United States, 225 F.2d 865 (9 CA 1955) cert. den. 350 U. S. 954, 76 S.Ct. 342, 100 L.Ed. 830.

■ But, where the orally pronounced sentence is ambiguous, the judgment and commitment may and should be used to clarify the actual intention of the sentencing judge. Payne v. Madigan, 274 F.2d 702, 705 (9 CA 1960) affm'd. by equally divided court, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, rehearing denied 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72. The defect which pervades the general sentence is its ambiguity, see Benson v. United States, supra, and where the sentencing court attempts to eliminate the uncertainty of a general sentence by imposing specific sentences for each count in the judgment and commitment, we see no good reason why the judgment and commitment should not be relied upon as evidence of the judgment of the court. We therefore hold that Baca is presently serving two concurrent sentences of five years each and four concurrent sentences of eighteen years each.

■■ Even if we were to hold that the eighteen year sentence imposed on Count IV was void because Baca was not arraigned on that count, he would not be entitled to relief under 28 U.S.C. § 2255 since we conclude that the remaining sentences are clearly valid. Where the conviction on one or more counts of a multi-count indictment is upheld, an appellate court need not determine the validity of convictions on other counts carrying sentences concurrent with that of the valid convictions. See Page v. United States, 356 F.2d 337, 338 (9 CA 1966) and cases cited therein. We find no error in the trial court's denial of appellant's motion.

Affirmed.