**UNITED STATES of America ex rel. Joseph Miles WALKER, Appellant,**

v.

**C. W. YOUNG, Sheriff of Washoe County, State of Nevada, Appellee.**

No. 22138.

United States Court of Appeals Ninth Circuit.

Jan. 26, 1968.

Springer & Newton, J. Rayner Kjeldsen, James F. Sloan, Reno, Nev., for appellant.

Harvey Dickerson, Atty. Gen. of State of Nevada, Carson City, Nev., William J. Raggio, Dist. Atty., Virgil D. Dutt, Deputy Dist. Atty., Reno, Nev., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Appellee has moved to dismiss the above-entitled appeal in this habeas corpus proceeding on the ground that appellant has not exhausted his state remedies. Appellant has filed an opposition thereto. Appellant Joseph Miles Walker is in Nevada custody awaiting final disposition of a retrial on a charge of first degree murder.

In United States v. Fogliani, 9 Cir., 343 F.2d 43, 48, reversing and remanding a district court order denying an earlier application for a writ of habeas corpus, this court directed that the proceeding be held in abeyance in the district court to afford appellant a reasonable opportunity to exhaust his state remedies on the question of whether he had been deprived of constitutional rights articulated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

Walker then applied to the Nevada state trial court for a ruling on the *Escobedo* question. The state trial court, on July 6, 1966, held that *Escobedo* was inapplicable because Walker had not requested an attorney. Walker then applied to the Supreme Court of Nevada for a writ of habeas corpus, raising the same question. The Nevada Supreme Court agreed with the state trial court that *Escobedo* was not applicable, not on the ground that Walker had not requested an attorney, but because *Escobedo* is not required to be applied retroactively, citing Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Walker v. Fogliani, Nev., 425 P.2d 794, 795, decided on April 3, 1967.

However, the Nevada Supreme Court, in that proceeding, then went on to consider certain other contentions which Walker had advanced in his federal habeas corpus proceeding. These contentions had been resolved against Walker by the federal district court, but were not reached by this court in our decision referred to above. The Nevada Supreme Court determined that, in the aggregate, these other errors were such as to entitle

Walker to a new trial. Accordingly, that court ordered that a writ issue discharging Walker from state custody unless the state gave him a new trial within a reasonable time.[1]

The Nevada state trial court, accepting the invitation of the Neyeda Supreme Court to grant Walker a new trial, set such retrial for September 5, 1967. Without waiting for this retrial, Walker filed in the federal district court, on August 21, 1967, the amended application for a writ of habeas corpus now before us. In this application he advanced a number of grounds for relief, including some or all of which he had presented in his original federal application. An order to show cause was issued, appellee responded thereto, and on August 25, 1967, the district court entered an order denying the amended application. Walker then took this appeal which appellee seeks to dismiss as moot.

Counsel for Walker has advised us in his brief on the pending motion that the retrial in the Nevada state court was removed from the September 5, 1967 calendar because of a substitution of attorneys. We have not been advised whether the new trial has yet been had and, if so, the outcome thereof. Presumably, if and when there is a re-conviction, Walker will appeal to the Nevada Supreme Court.

Treating the motion to dismiss the appeal as a motion to affirm on the ground that the questions on which the decision of the cause depends are so insubstantial as not to need further argument (see Page v. United States, 9 Cir., 356 F.2d 337, 339), we grant the motion. Since Walker has been granted a new trial in the state courts of Nevada, he may ultimately prevail in the courts of that state. If he does not, he can then seek federal habeas corpus. While the courts of Nevada have denied Walker the benefit of the *Escobedo* rule, which was our only concern at the time of our reversal and remand in United States v. Fogliani, 9

Cir., 343 F.2d 43, they have granted him a new trial which may result in his acquittal. Moreover, at the new trial, not only the rule of *Escobedo,* but the rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, will be applicable, since retroactivity will no longer be involved. The federal habeas corpus proceeding now before us is therefore premature, for Walker has not exhausted all remedies available to him in an effort to secure his freedom.

The order denying the application for a writ of habeas corpus is affirmed.

---

1. On June 19, 1967, two and a half months after the Nevada Supreme Court rendered its decision reported in 425 P.2d 794, Walker applied to the Supreme Court of Nevada for a writ of prohibition to preclude a retrial. This application was denied on June 20, 1967.