**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael BUDZANOSKI and John Seddon,**
**Defendants.**

**Crim. A. No. 70–216.**

United States District Court,
W. D. Pennsylvania.

Feb. 18, 1971.

---

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Thomas H. Henderson, Jr., and Hays Corey, Jr., Sp. Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Lloyd F. Engle, Jr., Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

Defendants are charged in Counts II and III with causing two false expense vouchers to be submitted in March 1969 to their labor organization, and in Count IV of causing a false entry to be made in the books, records and reports of the organization by filing a false monthly financial report from the district union to its international union in violation of 29 U.S.C. § 439(c).

Defendants move to dismiss these counts of the indictment on the grounds that even if such records, entries or reports were false, they do not constitute a violation of Sec. 209 of the LMRDA [29 U.S.C. § 439] because the particular records, entries or reports were not those required by Sec. 201(b) of the Act [24 U.S.C.A. § 431(b)].

This section requires the filing of an annual financial report, and the report for the year in which the entries were made had not yet been prepared.

Sec. 206 of the Act [29 U.S.C.A. § 436] requires that records on the matters to be reported shall be maintained for a period of not less than five years after the filing of the required reports, which will provide in sufficient detail the necessary basic information and data from which the reports may be verified.

Defendants argue that no specific system of bookkeeping is required of the labor organization, and that therefore the only thing required of the persons required to file reports is that they maintain some supporting information for five years after filing the annual report. As a corollary to this argument Defendants assert that any additional records which the union chooses to maintain to record their internal financial transactions or financial status from time to time during the course of the year are not subject to the provisions of the Act.

Defendants also contend that because their financial records were seized several months before the annual report for 1969 was due to be filed, none of the seized records can be considered as books or records required to be kept to substantiate the annual report for 1969. This assumes that these documents do not become the substantiating record or data until the report is filed and that the person required to report is free to charge, alter, correct or reconstruct any of this data up until the date the report is prepared and filed.

Defendant argues that Sec. 206 only requires records to be kept for a period of *five years after* the filing of the annual reports on the transactions which they represent. From this Defendants come to the conclusion that there is no requirement that any documents be kept from the date of the transactions they represent. Defendants also reach the conclusion that there is no requirement that the Defendants keep or record any

vouchers until the annual report is filed and that therefore any such vouchers made, even if false, were not documents required by Sec. 206 [29 U.S.C. § 436] of the LMRDA and therefore cannot constitute an offense under Sec. 209 [29 U.S.C. § 439].

■ We cannot accept this sophistry. Sec. 206 [29 U.S.C.A. § 436] specifically requires:

1. that records be maintained on the items required to be reported,

and

2. this shall include vouchers and receipts.

We cannot come to any other conclusion but that persons required to report shall maintain contemporaneous records. This is one of the common definitions of the word "record" used as a noun:

"An official contemporaneous document recording the acts of some public body or public officer",

or

"An official contemporaneous memorandum stating the proceedings of a court of Justice." Webster's Third New International Dictionary (unabridged 1966).

Similarly the Act refers to "vouchers", which are defined by the same dictionary as:

"a documentary record of a business transaction"

all of which form part of a "voucher system" which is defined as:

"a system of accounting in which a voucher (as for an account payable) is prepared usu. with supporting documents attached for each transaction or a series of transactions effecting a single account and when approved is entered in a voucher register",

the voucher register being also defined as

"a book of original entry for vouchers." (Ibid)

Thus when the statute says that persons required to report shall maintain records, which include vouchers and receipts, we find the plain intention of the statute to mean the type of records that are made contemporaneously with the transaction, which attest to the transaction and by which the information on the required annual report may be verified by the usual auditing practice of examination of the contemporary record of the transaction.

■ Is the subject matter of the vouchers a matter upon which the labor organization must report? Sec. 201(b)(6) requires that the annual report include,

"other disbursements made by it including the purposes thereof."

Therefore, if the labor organization must report disbursements, it must under Sec. 206 [29 U.S.C.A. § 436],

"maintain records on the matters required to be reported."

The manner of keeping such records is not directed but having adopted a voucher system and a monthly report system for internal use, these become the records of the matters, and under Sec. 209(c) [24 U.S.C.A. § 439(c)], anyone who wilfully makes a false entry in any books, records, or reports required to be kept is guilty of an offense under the Act.

■ We believe that Counts II, III and IV properly charge offenses under the Act. Count I charges a conspiracy to commit the acts charged in Counts II, III and IV.

■ Defendants also attack the indictment on grounds relating to the proceedings before the Grand Jury, where Defendant Budzanoski was invited to testify, and where he was informed in the presence of the Grand Jury that he was a prospective defendant. We find no merit in the contentions of defendants with respect to the Grand Jury proceedings.

■ Nor do we find the requirements of 29 U.S.C. § 436 so vague as to be unconstitutional. The type of records to

be kept are defined with sufficient particularity. The statute has been sustained against such attack. United States v. Haggerty, 419 F.2d 1003 (7th Cir., 1969].