Louis A. ANTAL et al., Plaintiffs,

v.

DISTRICT 5, UNITED MINE WORKERS OF AMERICA, et al., Defendants.

Civ. A. No. 71–689.

United States District Court,
W. D. Pennsylvania.
Aug. 19, 1971.

Joseph A. Yablonski, Washington, D. C., Kenneth J. Yablonski, Washington, Pa., for plaintiffs.

Lloyd F. Engle, Jr., Kuhn, Engle & Blair, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

This action is brought under § 201(c) of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 431(c), which provides, in pertinent part, that,

"[E]very labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty * * * to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."

Following the filing of the complaint, the plaintiffs, members of the defendant labor organization, both applied for a preliminary injunction and moved for summary judgment. The defendants, in turn, moved to dismiss. A hearing has been held at which all of the evidence which all of the parties intend to introduce in this action was adduced. Therefore, this action is here considered on the plaintiffs' request for a permanent injunction rather than on the application for a preliminary injunction. Consequently, the plaintiffs' motion for summary judgment is denied. Further, as § 431(c) expressly provides that the duty of the labor organization shall be,

" * * * enforceable at the suit of any member of such organization * * * in the district court of the United States for the district in which such labor organization maintains its principal office * * *",

the defendants' motion to dismiss is denied.

At the hearing on the application for a preliminary injunction, the issue in this action crystallized as whether or not § 431(c) contemplates the removal by an accountant engaged by a member of a labor organization of the notes, computations, and other work papers which he prepares in the course of an examination thereunder from the premises of the labor organization.[1] To be meaningful, an examination permitted by § 431(c) must assuredly be made by an accountant. Too, the accountant must be free to conduct the examination in accordance with generally accepted accounting procedures and principles consistent with the nature of his retention, including the unrestricted access to and use of his own work papers. See Local 1419, ILA v. Smith, 301 F.2d 791 (C.A. 5, 1962). Moreover, we discern no inconvenience to the labor organization in permitting the removal by an accountant of the work papers which he personally prepares pursuant to an examination. Thus, to best serve the purposes of § 431(c),[2] we think that the plaintiffs' accountant is entitled to remove the notes, computations, and other work papers which he prepares in the course of a § 431(c) examination from the defendants' premises.

An appropriate Order will be entered.

1. We are satisfied that the defendant is "such labor organization" and that the plaintiffs have "just cause" within the meaning of § 431(c). See United States v. Budzanoski, 322 F.Supp. 1064 (D.C. W.D.Pa.1971).

2. See Gartner v. Soloner, 384 F.2d 348 (C.A.3, 1967).