**Louis A. ANTAL, etc., et al.**

v.

**DISTRICT 5, UNITED MINE WORKERS OF AMERICA, et al., Appellants.**

**No. 71–1960.**

United States Court of Appeals, Third Circuit.

Argued Nov. 8, 1971.

Decided Nov. 19, 1971.

Lloyd F. Engle, Jr., Kuhn, Engle & Blair, Pittsburgh, Pa., for appellants.

Joseph A. Yablonski, Clarice R. Feldman, Washington, D. C.., for appellees.

Before VAN DUSEN and ROSEN, Circuit Judges, and LAYTON, District Judge.

## OPINION SUR MOTION FOR SUMMARY AFFIRMANCE

VAN DUSEN, Circuit Judge.

This is an appeal from an August 19, 1971, district court opinion and order [1] restraining defendants, District 5 of the United Mine Workers of America, District 5 President Michael Budzanoski, and District 5 Secretary-Treasurer John Seddon, from interfering with an examination by plaintiffs (District 5 members) [2] or their accountants "of the books, records, and accounts of District 5, United Mine Workers of America, as contemplated by 29 U.S.C. § 431 (c)." The district court barred defendants from restricting plaintiffs' or their accountants' "access to or use of any notes, computations, or other work papers which they prepare in the course of their examination under 29 U.S.C. § 431 (c), and from restraining [plaintiffs or their accountants] from removing same from the defendants' premises." Also, the district court awarded plaintiffs costs and $1,000. in attorney's fees. This order was based on the district court's finding that "to best serve the purposes of § 431 (c), we think that the plaintiffs' accountant is entitled to remove the notes, computations, and other work papers which he prepares in the course of a § 431(c) examination from the defendants' premises."

■ The testimony supports the district court's findings and conclusions that plaintiffs' "accountant must be free to conduct the examination in accordance with * * * unrestricted access to and use of his own work papers." [3]

The following language was inserted by the House in Senate Bill #1555,

---

1. See Antal et al. v. District 5, United Mine Workers of America, et al., 334 F. Supp. 903 (W.D.Pa.)

2. In the December 1970 election of District 5 officers, plaintiff Louis A. Antal was a candidate for District President, plaintiff Joseph Daniels was a candidate for District Secretary-Treasurer, and plaintiff Nick DeVince was a candidate for International Executive Board Member, all on the MFD slate. The election was bitterly contested and the result extremely close. After the District Tellers declared the incumbents re-elected, plaintiffs complained to the Department of Labor, alleging violations of Title IV of LMRDA; the Department has brought suit to set the election aside, Hodgson v. UMWA, District 5 (W.D.Pa., C.A. No. 71–701).

3. The certified copies of the District 5 LM–2 Reports for the years 1968, 1969,

and 1970, which were before the district court listed more than $1,236,000. in income and expenditures by District 5 over this three-year period. Verification of these Reports will require analysis of a multitude of individual transactions. For example, many persons have been paid during this three-year period as employees earning less than $10,000. Their names are not listed on the LM–2 Reports, nor are their "salaries" and "reimbursed expenses" itemized. Only through unrestricted use of their work papers can plaintiffs' accountants determine the extent to which unitemized expense categories listed on the LM–2 Reports are verified by records of legitimate expenditures. To refuse plaintiffs' accountants the free use of their work papers would be—as the district court held—equivalent to a refusal of plaintiffs' right of verification.

which eventually became P.L. 86–257 (§ 201(c)) and appears in 29 U.S.C. § 431 (c):

"Every labor organization required to submit a report under this title shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization * * * in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."[4]

■ House Report #741 (86th Cong., 1st Sess., 2 U.S.Code Cong. & Admin. News, 1959, p. 2424) contains this language, showing that Congress intended by the above-quoted wording of 29 U.S.C. § 431(c) to rely on the voluntary action of union members as a deterrent to the abuse of union funds by union officials:

"It is the purpose of this bill to insure that full information concerning the financial and internal administrative practices and procedures of labor organizations shall be, in the first instance available to the members of such organizations. In addition, this information is to be made available to the Government, and through the Secretary of Labor, is to be open to inspection by the general public. By such disclosure, and by relying on voluntary action by members of labor organizations, it is hoped that a deterrent to abuses will be established.

* * * * * *

"The committee believes that union members armed with adequate information and having the benefit of secret elections, as provided for in title IV of this bill, will be greatly strengthened in their efforts to rid themselves of untrustworthy or corrupt officers. In addition, the exposure to public scrutiny of all vital information concerning the operation of trade unions will help deter repetition of the financial abuses disclosed by the McClellan committee." (Pp. 2430, 2431).

The above-quoted language requires the rejection of defendants' contention that Congress was relying solely on action by the Department of Labor to cure the abuses which the Labor-Management Reporting and Disclosure Act of 1959 (P. L. 86–257) was designed to correct. Cf. Gartner v. Soloner, 384 F.2d 348, 355 (3d Cir. 1967). The insertion of the above-quoted language in § 201(c) of that Act by the Conference Committee (see page 2504 of 2 U.S.Code Cong. & Admin.News, 1959), demonstrates that that Committee accepted the House's desire that "full information" concerning the financial procedures of labor organizations "shall be, *in the first instance available to the members of such organizations.*"

This case is an appropriate one for summary disposition. See Rule 27 of Federal Rules of Appellate Procedure; Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir.), cert. denied, 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969); Page v. United States, 356 F.2d 337, 339 (9th Cir. 1966); United States ex rel. Walker v. Young, 388 F.2d 675, 676 (9th Cir. 1968);[5] cf. Local Rule 2(4) of this court.

For the foregoing reasons, the motion for summary affirmance will be granted.

---

4. The House inserted this language in its version of this Bill (H.R. 8342) and, as noted below, this language was approved by the Conference Committee.

5. Defendants conceded that they had no authorities to present to the court on the issue involved in this case, other than those cited in plaintiffs' brief and in the opinion of the district court (see note 1 above). This issue was correctly recognized by the district court to be the right of an accountant, retained by union members to carry out a verification of LM–2 Reports of a labor organization, to remove his own work papers from the site of the examination.