**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**A. Henry TAGER, Defendant-Appellant.**

**No. 72-1832.**

United States Court of Appeals,
Tenth Circuit.

May 17, 1973.

Rehearing Denied July 5, 1973.

Richard B. Buhrman, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Harlow M. Huckabee, Attys., Tax Div., Dept. of Justice and Robert J. Roth, U. S. Atty., of counsel, on the brief), for plaintiff-appellee.

Joseph P. Jenkins, Estes Park, Colo. (Wash H. Brown, Kansas City, Kansas, on the brief), for defendant-appellant.

Before PHILLIPS, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Defendant-appellant seeks reversal of judgments of conviction on two counts of an indictment charging him with income tax violations. The original indictment contained three counts. In the first of these the defendant-appellant

was charged with the filing of a false income tax return for the calendar year 1963, contrary to 26 U.S.C. § 7206(1). In Count II he was charged with filing a false income tax return for the calendar year 1964. However, in Count III the allegation was that contrary to 18 U.S.C. § 371, commencing on or about January 1, 1962, and continuing to June 16, 1971, a conspiracy existed between the defendant and one Robert C. Jones in that they unlawfully, knowingly and wilfully conspired with each other to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income taxes. This count also maintains that as part of the conspiracy the defendants agreed to file false tax returns for certain corporations including their law partnership, and they also agreed that they would fail to file tax returns for certain other corporations for 1963 and would fail to file returns for their law partnership for 1963 and 1964; that they would engage in the purchase and sale of securities in the names of these corporations in such a way as to make the transaction difficult to identify so that taxes could not be charged in respect to them.

There were a number of overt acts alleged to have occurred from January 2, 1964 to April 18, 1966. Before trial, however, an amended indictment was filed setting forth later overt acts which were apparently designed to avoid the five-year statute of limitations which would be applicable rather than the six-year period provided in 26 U.S.C. § 6531. The later overt acts described conversations with Internal Revenue Service agents which were alleged to have occurred in 1966 and 1968. The government's theory with respect to these was that there were omissions of fact in these meetings and that they were part of the conspiracy to conceal the facts as to appellant's income and impede the government officials in obtaining information.

Trial was held on May 23, 1972 and the jury found defendant not guilty on Count I. It returned verdicts of guilty on Counts II and III.

Most of the defendant-appellant's contentions revolve around Count III, the conspiracy, and we shall take up these arguments at least in a general way, but, as we view this case, the aspect which is important is the evidence having to do with Count II which alleges tax fraud in connection with the filing of the defendant's return for the year 1964 because the sentences were ordered to run concurrently—hence if the judgment on Count II is upheld, the conspiracy issues are rendered moot.

The allegation in Count II is that the return reported income from salary in the amount of $7,500.00, income from interest in the amount of $19.55, income from partnership in the amount of $23,590.87 and income from business in the amount of $12,536.80. Count II further alleges that the defendant well knew and believed that he received a substantial income in addition to that reported. On this subject little proof was needed because the defendant stipulated that during 1964 he received 18 checks totaling more than $34,000.00 from Policy Budget Plan, Inc. and that these were received on his own account and not for company purposes. The defendant, however, claimed that he borrowed these funds and that they constituted a loan from the company. In further support of this allegation a disbursement journal of a company called *Policy Budget Plan, Inc.* was introduced. This company had been engaged in the business of making loans to finance the premiums for insurance sold by the National Mutual Insurance Company. The defendant and a Mr. Ewing operated this company as equal owners. The disbursement journal was identified by Ewing, the former president of the company, as a book of original entry used to enter all checks used for expenses, salaries, etc. In it all of the checks were listed and were summarized once each month. Numerous checks were issued to

the defendant-appellant. These totaled in excess of $27,000.00 for the month of January 1964 alone. Included was a check for $4,500.00 issued to a Buick company for an automobile, a 1963 Buick Riviera which was for the use of defendant-appellant. It was shown that he subsequently made a loan and pledged this car as security. Defendant-appellant maintained, as we have noted above, that these withdrawals were in fact loans. But the disbursement journal did not bear this out. One withdrawal in the amount of $6,500.00 showed that it was a loan, but none of the other withdrawals were so described. The final result was that numerous withdrawals found their way to the defendant-appellant either as cash payments or deposits in his account.

There is no evidence whatever in corroboration of appellant's contention that the payments were loans, and thus the jury was free to infer that appellant was siphoning off income. The evidence was adequate to justify the jury's conclusion that appellant received substantial sums in excess of the income reported since none of these advances or withdrawals were reported by him.

It follows that the evidence supports the elements alleged in Count II. We make this determination in a light favorable to the government giving it the benefit of all reasonable inferences sustaining the verdict. Glazerman v. United States, 421 F.2d 547 (10th Cir.), cert. denied, 398 U.S. 928, 90 S.Ct. 1817, 26 L.Ed.2d 90 (1970); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969); Thomas v. United States, 409 F.2d 730 (10th Cir. 1969).

We recognize that under the statute, 26 U.S.C. § 7206(1), the evidence must establish that the defendant wilfully falsified his tax returns as to material matters,[1] see United States v. Lodwick, 410 F.2d 1202, 1205–1206 (8th Cir.), cert. denied, 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969); Gaunt v. United States, 184 F.2d 284, 288 (1st Cir. 1950), and that the failure to file a correct return does not establish fraud since the omission or inaccuracy must relate to a knowingly material matter. Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). The section in question prohibits affirmative false statements and also knowing and wilful omission of material matter. See Conford v. United States, 336 F.2d 285 (10th Cir. 1964). See also United States v. Jernigan, 411 F.2d 471, 472–473 (5th Cir.), cert. denied, 396 U.S. 927, 90 S.Ct. 262, 24 L.Ed.2d 225 (1969); Siravo v. United States, 377 F.2d 469, 472–473 (1st Cir. 1967); Edwards v. United States, 375 F.2d 862, 864–865 (9th Cir. 1967).

Finally, knowing and wilful falsification may be inferred from repetitious omissions of items of income.

The record in the case at bar establishes a pattern of conduct showing a flagrant disregard for the income tax laws.

We perceive no error in the court's receiving Exhibit 13–B, the general ledger of Policy Budget Plan, Inc. which is referred to above. It is argued that this is a double entry book of account and that it was only partially completed. However, the government utilized it only for the purpose of showing the checks drawn for the month of January amounting to $22,515.75 plus the check to the Buick company in the amount of $4,550.00. This book treated all of the checks drawn to appellant in the same manner, none of them having

---

I. 26 U.S.C. § 7206(1) provides:

Any person who—

(1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

\* \* \* \* \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

been posted as loans receivable and, therefore, the book was relevant as raising an inference that all of the checks were income and none were loans.

In view of the close relationship which the appellant had with the Policy Budget Company, there is no merit in his argument that this journal is not admissible simply because every last entry was not put in it. The important thing is that it is competent under the shop-book statute, 28 U.S.C. § 1732, and that it constitutes an admission against appellant.

The remaining issues pertain to Count III. Thus, it is maintained that the evidence was insufficient to support the guilty verdict on the conspiracy count; that the prosecution was barred by the statute of limitations; that Fifth Amendment privilege against self-incrimination applied to certain of the overt acts. The final overt acts consisting of conversations with the Internal Revenue agents in 1966 and 1968 were, according to appellant, added in the amended indictment simply for the purpose of extending the statute of limitations, and it contends that these were merely attempts to conceal the conspiracy and thus it could not effectively toll the statute of limitations.

Finally, it is maintained that the instruction relative to the statute of limitations was incomplete and improper and did not comply with the requisites of Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).

 Much space and effort have been devoted to the alleged invalidity of the conviction on Count III, whereas the Count II conviction is not seriously disputed. We have concluded that the conviction on Count II was entirely valid and so it is unnecessary to consider the several points raised in connection with Count III of the indictment because in such circumstances it is not relevant to consider the validity of the judgment on Count III since the sentences imposed were ordered to run concurrently. Thus, in Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), the defendant was convicted on

ten counts, but on appeal contested the sufficiency of the evidence on two of the counts, notwithstanding that the sentences were ordered to run concurrently. The Supreme Court said:

Lawn also contests the sufficiency of the evidence to support the verdicts against him on Counts 7 and 9, but since the sentences upon those counts run concurrently with the sentence on Count 10, which we have found sustained by the evidence, it is unnecessary for us to consider those contentions. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 273, 73 L. Ed. 692; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

355 U.S. at 359, 78 S.Ct. at 323. *See also* Page v. United States, 356 F.2d 337 (9th Cir. 1966), wherein the court said:

It has been held time and again that where, on appeal, a conviction on one count is found to be valid, the appellate court will not look into the validity of convictions on other counts carrying sentences concurrent with that of the valid conviction. See Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321; Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Mendez v. United States, 9 Cir., 349 F.2d 650, 652; Head v. United States, 9 Cir., 346 F.2d 194, 196; Brothers v. United States, 9 Cir., 328 F.2d 151, 157, and cases therein cited.

356 F.2d at 338.

Our court has also applied this principle. This was in Baca v. United States, 383 F.2d 154 (10th Cir. 1967). We there said:

Even if we were to hold that the eighteen year sentence imposed on Count IV was void because Baca was not arraigned on that count, he would not be entitled to relief under 28 U.S. C. § 2255 since we conclude that the remaining sentences are clearly valid. Where the conviction on one or more counts of a multi-count indictment is

upheld, an appellate court need not determine the validity of convictions on other counts carrying sentences concurrent with that of the valid convictions. See Page v. United States, 356 F.2d 337, 338 (9 CA 1966) and cases cited therein. We find no error in the trial court's denial of appellant's motion.

383 F.2d at 157.

There is no indication that the alleged errors with respect to Count III in any way affected the conviction on Count II. *See* Page v. United States, *supra*. Hence, review of the conviction on Count III is wholly unnecessary.

The judgment is affirmed.