UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

AHMED MALACHI ABDEL-AZIZ, a/k/a
Bobby Seal, a/k/a Bobby Seals,
a/k/a Ahmed Abdel Aziz, a/k/a
Jerome Smith, a/k/a Michael Smith,
a/k/a Cedric Ellison, a/k/a Fretral
McRae, a/k/a Chreshan Allen,
                    *Defendant-Appellant.*

No. 02-7599

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-75)

Submitted: March 19, 2003

Decided: June 17, 2003

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Ahmed Malachi Abdel-Aziz, Appellant Pro Se. Dennis W. Duffy,
Assistant United States Attorney, Mary Jude Darrow, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ahmed Abdel-Aziz, who pleaded guilty to one count of bank fraud conspiracy, one count of mail fraud, one count of bank fraud, and one count of filing a false income tax return, in violation of 18 U.S.C. §§ 371, 1341, 1344(1), (2), 287 (2000), respectively, appeals the district court's denial of his "Motion to Correct Clerical Mistakes In Judgment and Commitment Order Pursuant to Title 18 USCA Fed. R. Crm. Proc. Rule 36." We have reviewed the record and find no reversible error.

The basis of this appeal is that the oral pronouncement at Abdel-Aziz's sentencing hearing is internally ambiguous and inconsistent with the written judgment of sentence with regard to the length of imprisonment as to Counts Two and Three. Specifically, the sentencing transcript reflects that when the district court imposed the sentence of imprisonment, it stated as follows: "[T]he defendant is . . . to be imprisoned for a term of 100 months in each of Counts Two and Three, and a term of 60 months in Count Three, and the criminal information. All to be served concurrently." The written judgment* reflects that the district court imposed concurrent 100-month sentences as to Counts Two and Three of the indictment and fully concurrent 60-month sentences as to Count One of the indictment and Count One of the criminal information. In denying Abdel-Aziz's motion to correct the judgment and commitment order, the district court stated that it had reviewed the transcript of the sentencing hearing and was convinced that there are no clerical errors in the judgment and commitment order. On November 12, 2002, following the filing of Abdel-Aziz's notice of appeal, the district court entered an order

---

*While the written judgment and commitment order was amended at the order of this court, the amendment does not affect the analysis of this appeal.

directing the clerk of the district court to amend the entry of the docket sheet to reflect that Abdel-Aziz was sentenced to 100 months on each of Counts Two and Three, concurrent with each other and concurrent with Count One of the indictment.

On appeal, Abdel-Aziz claims the district court erred in denying his motion to correct the judgment order, and was without jurisdiction to order the clerk, on November 12, 2002, to amend the docket entry. Abdel-Aziz further asserts, in the alternative, that if this court deems that the district court's November 12, 2002, order was correct, the district court's failure to reiterate his restitution sentence in that order "cancelled" the restitution order such that he no longer should have to pay it.

As a preliminary matter, Abdel-Aziz's attempt to appeal the district court's November 12, 2002, order directing the clerk of court to amend the docket entry is not properly before this court for consideration in this appeal, because that order was entered by the district court after the notice of appeal was filed. However, even if this court had jurisdiction to consider this order, pursuant to Fed. R. Crim. P. 36, the district court has jurisdiction at any time to correct clerical errors. Hence, Abdel-Aziz's claim would be without merit. We find specious Abdel-Aziz's alternative claim that if the November 12, 2002, order to correct the docket entry is deemed proper he is absolved from the requirement of paying restitution.

It is well established in this circuit that where a direct conflict exists between the oral pronouncement at sentencing and the written order of judgment, the oral sentencing order is to be followed and the remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962); *see also United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). This rule is followed where there is no ambiguity in the oral pronouncement. *Id.*

Here, it is the oral pronouncement of sentence that is ambiguous because the sentencing transcript reflects that the district court imposed a sentence of imprisonment as to Count Three twice. To impose the plain meaning of the words of this particular oral sentence

would lead to an absurd result—two sentences of imprisonment on Count Three and no sentence of imprisonment on Count One. *See United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987) (en banc); *see also Baca v. United States*, 383 F.2d 154, 157 (10th Cir. 1967). While the district court twice mentioned Count Three in imposing sentence, the fact that Abdel-Aziz pled guilty to Count One, and the district court imposed a term of supervised release as to Count One, supports the conclusion that the latter of the district court's references to Count Three was intended to relate to Count One. This conclusion is bolstered by the district court's statement in the order denying Abdel-Aziz's motion to correct clerical mistakes that the judgment and commitment order is without error.

The obvious inference in this case is that either the district court misspoke during the sentencing hearing, or the court reporter made a clerical error, by making a second reference to Count Three instead of referring to Count One. In any event, we find that the amended judgment and commitment order accurately reflects the sentence imposed and that the district court correctly held that no relief was necessary on Abdel-Aziz's motion to correct the written judgment. Finally, we agree with the Government that even if Abdel-Aziz could establish error with respect to the oral sentence of imprisonment relative to Count One, such error would be harmless under Fed. R. Crim. P. 52(a), because Abdel-Aziz does not contest the validity of the adjudication as to Count One, and because the sixty-month sentence on Count One was to run concurrently to the 100-month sentence imposed on Counts Two and Three.

Accordingly, we affirm the district court's order denying Abdel-Aziz's motion to correct the judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*