L. B. RAGLAND; A. J. Dixon; C. L. Waddell; E. E. Clements; C. R. Brantley; Jeff Hurth; Percy Smiley; Mack Bailey; William B. Oden; J. W. Singleton; Dudley Bunkley; P. H. Higginbotham; Max Guthrie; L. G. Bearden; Edward L. Bresowar; Robert C. Fowler; B. H. Cleveland; James W. Huckaby, Jr.; G. M. Kiker, Jr.; C. J. Johnson; Hermon Woodward; Stanley Brand; L. H. Rogers; Lester Taylor; W. H. Crow; F. W. McCluskey; Ben Burnett; Theran Jones; L. S. Willis; Floyd E. Glass; and Isaac Harold Lawrence, individually, and as members in good standing of District 50, United Mine Workers of America, and for and on behalf of other members in good standing of District 50, United Mine Workers of America, Plaintiffs,

v.

UNITED MINE WORKERS OF AMERICA, an unincorporated association; William Mitch, District President; A. D. Lewis, District President; Thomas Kennedy, President; W. A. Boyle, Vice-President; John Owens, Secretary-Treasurer; and John J. Badoud, District Secretary-Treasurer, of United Mine Workers of America, Defendants.

Civ. A. No. 9758.

United States District Court
N. D. Alabama, S. D.
Sept. 29, 1960.

John A. Jenkins and William H. Cole, Birmingham, Ala., for plaintiffs.

Welly K. Hopkins, Harrison Combs, Willard P. Owens, Washington, D. C.,

and Cooper, Mitch, Black & Crawford, Birmingham, Ala., for defendants.

JOHNSON, District Judge.

The parties, by agreement, submit to this Court and agree that insofar as venue in this case is concerned jurisdiction is conferred on the Court by Section 102 of Public Law 86–257, dated September 14, 1959, codified in Title 29, Section 412 of the United States Code Annotated.

The plaintiffs are members in good standing of their various local unions, all of which are affiliated with the United Mine Workers of America, District 50, and by the charter granted to District 50 by the United Mine Workers of America, affiliated with the latter organization. This charter was issued by the United Mine Workers of America to District 50 on the 1st day of September, 1936. The defendants are the United Mine Workers of America, an unincorporated association, and various officers and members thereof.

Plaintiffs complain that the International Constitutional Convention of the United Mine Workers of America is to be held on the first Tuesday of October, 1960, and that they have received no notice and no invitation to send delegates to said convention; plaintiffs have requested in writing and orally that they be permitted and allowed to elect and send delegates to attend said convention; the officers of the United Mine Workers of America have failed and refused plaintiffs' request to participate in said convention. Plaintiffs further say that the International Officers and International Executive Board of said organization in refusing to allow District 50 representation at this constitutional convention are acting contrary to the provisions of the Labor-Management Reporting and Disclosure Act of 1959, which act is codified in Chapter 11, Title 29 U.S.C.A.

There is no real disagreement as to the affiliation of District 50 with the United Mine Workers of America. The evidence in this case reflects that this affiliation was established by charter from the United Mine Workers of America issued, as stated above, on the 1st day of September, 1936. The significant portion of this charter is:

"The said district, and all subdistricts and local unions established therein, shall be subject to the jurisdiction of the International Organization United Mine Workers of America, and may adopt constitutions and by-laws not in conflict with the constitution of the United Mine Workers of America and this charter of affiliation.

"Said district, its members and subordinate divisions shall acquire no rights in the funds, or to participate in the election or conventions of the United Mine Workers of America, but shall have their own autonomy with respect to their elections, conventions and wage negotiations."

The real controversy and, as a matter of fact, the only question now presented is whether Section 101 of this Labor-Management Act (Section 411(a) (1), Title 29 U.S.C.A.) confers upon the members of District 50 equal rights and privileges within the United Mine Workers of America to nominate candidates to vote in elections of the labor organization, the United Mine Workers of America, to attend membership meetings and to participate in the deliberations and voting upon the business of such meetings.

■ This Court is of the conclusion that that part of the Act in question confers upon the members of District 50 no such privileges and rights, and that the temporary injunction, which is the only aspect of this case submitted at this time, should not issue. In the first place, the situation the plaintiffs now seek to remedy by injunctive relief has existed for over a period of twenty years. The plaintiffs have acquiesced in their status of being a "provisional district"; this provisional status is provided for, and District 50 is chartered for only a "provisional status." This was true when the International Executive Board of the

United Mine Workers of America issued the original charter, hereinabove referred to, and continued to be true when a new charter was issued to District 50 in accordance with Article XX of the International Constitution, which new charter contained this provision:

"Said District, its members, divisions and local unions shall acquire no rights in the funds, or to participate in the elections or conventions of the United Mine Workers of America, but shall have the right to transact its administrative and fiscal affairs, organizing campaigns and wage negotiations as provided by Article XX of the Constitution of the United Mine Workers of America."

This Court is of the opinion that since plaintiffs have delayed until this late date to seek an injunction against the United Mine Workers of America holding its national convention, the principles announced by the Supreme Court in Cunningham v. English, 78 S.Ct. 3, 1 L.Ed. 2d 13, are applicable.

Further, this Court is of the opinion that the Labor-Management Reporting and Disclosure Act of 1959, which plaintiffs seek to invoke in this case and seek to have the Court use to issue the preliminary injunction, requires plaintiffs to pursue certain administrative channels prior to seeking such relief from the courts; this plaintiffs have failed to do and no reason is shown for such failure. See Section 411(a) (4), Title 29 United States Code Annotated.

This Court is of the further opinion that the "equal rights" provision of the Act was not intended by Congress to change the internal organizational structure of unions but granted rights and privileges to certain locals and members that were not conferred by the constitution and charter under which the unions and locals operate. It is the opinion of the Court that this Act was intended for use in those instances where "members" as opposed to "provisional members" are threatened with a deprivation of their rights that were previously afforded or granted to them under the unions' constitution and under their charter. In other words, the Act is designed to protect the right to vote and participate where that right exists and not for the purpose of conferring the right to vote and participate in cases where it has not previously existed or should have existed.

It is, accordingly, the conclusion of this Court that the temporary injunction plaintiffs seek should be denied and that this Court should retain jurisdiction as to the declaratory judgment phase of this case.

It is, therefore, for the foregoing reasons and for good cause, the Order, Judgment and Decree of this Court that plaintiffs' petition for temporary mandatory injunction be and the same is hereby denied.

It is the further Order, Judgment and Decree of this Court that jurisdiction be and the same is hereby retained for further proceedings.