Gilbert M. KING, Charles Smith, John Horan, Charles Katinas, Charles Mallery, Edward Iocca, Francis McGurk and John Digennaro, each of them individually and on behalf of all other members of Local 1476, International Longshoremen's Association, Plaintiffs-Appellees-Cross Appellants,

v.

Joseph RANDAZZO, as President, or James Borrazas, as Secretary-Treasurer of Sugar Workers Council of North America, International Longshoremen's Association, Defendants - Appellants-Cross Appellees.

No. 412, Docket 29267.

United States Court of Appeals Second Circuit.

Argued March 31, 1965.

Decided May 24, 1965.

308

Burton H. Hall, New York City, on the briefs, for appellees-cross appellants.

Jack L. Kroner, New York City, (Schulman, Abarbanel & Kroner, New York City, on the brief), for appellants-cross appellees.

Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge.

These appeals arise from a dispute over the obligation of members of Local 1476 of the International Longshoremen's Association ("ILA") to pay certain

dues. The plaintiffs are several members of Local 1476; the defendants are the president and secretary-treasurer of the Sugar Workers Council, which they describe as a coordinating body for ILA locals representing employees in the sugar industry.

The relevant facts are set out in the opinion of Judge Bartels, 234 F.Supp. 388. In brief, the dispute stems from the defendants' attempt to collect from the members of Local 1476 dues assessed by the Sugar Workers Council. The plaintiffs claim that collection of these dues violates their rights under § 101(a) (3) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 (a) (3). The defendants respond that Local 1476 has been properly required to affiliate with the Council, and its members are therefore liable for the Council's dues.

Section 101(a) (3) is intended to insure that dues will not be imposed on union members by the mere fiat of their officers. For union organizations such as the Sugar Workers Council and the ILA—which are neither locals nor federations of national or international unions—dues may be imposed only after approval by (1) a convention, (2) a membership referendum, or (3) the organization's executive board "pursuant to express authority contained in the constitution and bylaws." Approval by the executive board, however, is effective only until the organization's next convention.

The present dispute stems from the adoption by the ILA Executive Council of a proposal requiring all locals which represent employees in the sugar industry to affiliate with the Sugar Workers Council. On the basis of the Executive Council's action, the Sugar Workers Council began in late 1963 to collect dues from members of Local 1476. The plaintiffs countered by bringing an action under § 101(a) (3) in the Eastern District of New York for injunctive and other relief.

After a hearing and submission of affidavits, Judge Bartels held that the requirements of § 101(a) (3) had not been satisfied, and on July 27, 1964 he issued a preliminary injunction restraining the defendants from collecting dues from Local 1476. Subsequently, on August 31, a special convention of the Sugar Workers Council approved the dues. On the defendants' application, Judge Bartels reconsidered his order in the light of the convention's action. He found that the convention's action met the requirements of § 101(a) (3), and, accordingly, on October 21 he modified his first order so as to enjoin the defendants only from collecting dues for membership prior to September 1, 1964.

Both parties appeal. The defendants do not dispute that § 101(a) (3) is applicable, but they contend that its requirements were satisfied by the Executive Council's action; they therefore seek to have the injunction set aside altogether. The plaintiffs, on the other hand, contend that neither the Executive Council action nor that of the Sugar Workers Council convention was sufficient, and they seek reversal of Judge Bartels' second order. We find that Judge Bartels properly assessed the legal effect of the actions of the Executive Council and the Sugar Workers Council, and we affirm the order of the district court as modified by its order of October 21.

For the action of the Executive Council to come within the terms of § 101(a) (3), there must have been express authority for the action in the ILA constitution or bylaws. The defendants cite provisions which give the Executive Council "all executive, legislative and judiciary powers" and "all powers appropriate to effectuate the powers granted to it by [the ILA] Constitution." However, we agree with Judge Bartels that the requirement of "express authority" is not met by such general grants of power but refers to a provision relating specifically to the imposition of additional dues. This interpretation accords with the common meaning of the words, and it carries out the evident purpose of § 101(a) (3), which is to place union

dues more directly under the control of the union membership. If no more than the general provisions cited by the defendants were required, § 101(a) (3) would not assure the union membership even the indirect control which they might exercise by adopting or rejecting a provision specifically conferring on their officers the power to make interim increases in dues. Their only control over such interim increases would be their power to elect particular officers at union elections, and it is implicit in § 101(a) (3) that the power to elect officers was not considered by Congress to be an adequate substitute for more direct control over union dues.

As to the later action by the special convention, it is the plaintiffs' position that their local is not affiliated with the Sugar Workers Council and therefore should not be bound by the convention's vote. Otherwise, the plaintiffs argue, § 101(a) (3) would allow the defendants to do indirectly what they may not do directly.

■ This argument misconstrues the ground for applying § 101(a) (3). Neither Judge Bartels nor this court has passed on the Executive Council's power to require Local 1476 to affiliate with the Sugar Workers Council. Section 101(a) (3) places no limit on its power to do so, and we assume for purposes of this litigation that Local 1476 is an affiliate, though perhaps an unwilling affiliate, of the Sugar Workers Council.

To say that it is an affiliate is not to say that it must pay whatever dues the Sugar Workers Council might impose, however. The requirements of § 101(a) (3) must be met, and the ground for

Judge Bartels' first order and our affirmance of it is that the record does not show that the dues in question were approved in a manner agreeable to that section. The defendants did not allege that the Sugar Workers Council itself had approved the dues in such a manner,[1] and we have considered and rejected their contention that the Executive Council's approval met the section's requirements.

It follows that the issue with respect to the first order would have been different if a Sugar Workers Council convention had approved the dues *before* the Executive Council required Local 1476 to affiliate. There would then have been presented the question whether a labor organization must again comply with § 101(a) (3) each time a new member is added. The practical objections to imposing such a continuing burden on a labor organization are obvious.

■■ The issue actually presented by Judge Bartels' second order is much simpler. The special convention followed the Executive Council's action, and it created a proper basis, so far as § 101(a) (3) is concerned, for collecting the dues from Local 1476. As Judge Bartels observed, if the forced affiliation of Local 1476 with the Sugar Workers Council violated the plaintiffs' rights under the ILA constitution, they may be able to obtain relief in the state courts. But, this is not a proper case for the assertion of pendent jurisdiction over the claim under state law. See T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828–829 (2 Cir. 1964), cert. denied, 85 S.Ct. 1534, (May 17, 1965).

The order of the district court, as modified by its order of October 21, 1964, is affirmed.

1. Anthony Scotto, vice-president of the ILA, alleged in an affidavit submitted prior to Judge Bartels' first order that each local affiliated with the Sugar Workers Council "passed upon the dues to be paid to the Council in the manner pre-

scribed by law." There is nothing in the affidavit to indicate that this statement was intended to mean that there had been compliance with § 101(a) (3), and the point has not been raised on appeal.