Peter J. BRENNAN, Secretary of Labor, and Mike Trbovich, et al.

v.

UNITED MINE WORKERS OF AMERICA, et al., Appellants.

No. 72–2064.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 20, 1972.

Decided Feb. 22, 1973.

Willard P. Owens, Washington, D. C., with whom Edward L. Carey and Charles L. Widman, Washington, D. C., were on the motion for summary reversal for defendants-appellants.

Michael Stein, Atty., Dept. of Justice, with whom Walter H. Fleischer, Atty., Dept. of Justice, was on the response to intervenors' motion for summary affirmance.

Joseph A. Yablonski, Washington, D. C., with whom Clarice R. Feldman, Washington, D. C., were on the motion for expedited appeal and summary affirmance for intervenor-appellee.*

Isaac N. Groner, and Charles R. Both, Washington, D. C., entered appearances on behalf of intervenor-appellee.*

Before BAZELON, Chief Judge, and LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

This appeal involves a suit brought by the Secretary of Labor under Title III of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA),[1] seeking to terminate trusteeships imposed by the United Mine Workers of America (UMWA) upon seven of its subordinate bodies known as "Districts."[2] The District Court found serious violations of Title III of the LMRDA committed by the UMWA by maintaining trusteeships over these Districts for more than eighteen months.[3] Hodgson v. United Mine Workers, 344 F.Supp. 990 (D.D.C. 1972). It concluded that the

---

* Joseph A. Yablonski, and Clarice R. Feldman withdrew their appearances as counsel for Intervenor-Appellees, subsequent to the argument and Isaac N. Groner and Charles R. Both were substituted therefor.

1. Pub.L. No. 86-257, §§ 301 et seq., 73 Stat. 530-532, 29 U.S.C. §§ 461 et seq. (1970) (hereinafter cited to the U.S. Code provisions and as "the Act.").

2. The UMWA Districts involved are District 4 (Western Pennsylvania); District 6 (Ohio and West Virginia panhandle); District 7 (now 25) (Eastern Pennsylvania anthracite region); District 17 (Southwestern West Virginia); District 23 (Western Kentucky); District 30 (Eastern Kentucky); District 31 (Northern West Virginia),

3. 29 U.S.C. § 464(c) (1970) provides in part that after "the expiration of eighteen months the trusteeship shall be presumed invalid . . . and its discontinuance shall be decreed unless the labor organization shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under section 462 of this title." In the instant case, the District Court found that these trusteeships had been in existence for decades.

continuation of these trusteeships was not necessary for a purpose permitted by the Act [4] and subsequently [5] ordered secret ballot elections, conducted under the supervision of the Secretary of Labor, and other wide-ranging relief [6] to restore union democracy to those entities. The UMWA appeals from the decision. Upon consideration of cross motions for summary disposition, and having heard oral argument, we affirm.

The main contention of the UMWA on appeal is that contrary to the holding of the District Court, these Districts are not subordinate "labor organizations" engaged in an industry affecting commerce within the meaning of the LMRDA, and accordingly are not subject to the trusteeship strictures of the Act.[7] In pertinent part the LMRDA defines a "labor organization" as including

any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment . . . . [8]

4. The limited purposes for which a trusteeship may be established and maintained are detailed in 29 U.S.C. § 462 (1970) of the LMRDA.

5. The Memorandum Opinion declaring these trusteeships to be unlawful was filed by the District Court on May 24, 1972. Hodgson v. United Mine Workers, 344 F.Supp. 990 (D.D.C.1972). This Court subsequently permitted intervention in the Secretary's suit by a group of individual UMWA members for purposes of framing a suitable remedy, Hodgson and Trbovich v. United Mine Workers, 153 U.S.App.D.C. 407, 473 F.2d 118 (opinion filed Nov. 13, 1972), and the final Order declaring relief was issued by the District Court on September 29, 1972.

6. The District Court's decree of September 29, 1972, permanently enjoined the UMWA from maintaining trusteeships in the offending Districts and ordered them promptly to hold nominations and conduct secret ballot elections, under the supervision of the Secretary of Labor, to fill the District offices which formerly had been appointed positions during the trusteeships. The District Court did permit incumbent District officers to remain in office, under the Secretary's supervision, pending these elections. In these rulings, the Court borrowed freely from the election provisions of Title IV of the LMRDA, 29 U.S.C. §§ 481 et seq. (1970). The Court's Order further required the convening of District meetings to adopt new District constitutions, and specified the voting rights and procedures to be utilized therein. Moreover, the District Court prohibited the UMWA from altering the geographical boundaries of these Districts, or otherwise restructuring them in such a way as to deprive the UMWA members therein of their membership rights, without their prior approval. Finally, the District Court retained jurisdiction to provide whatever additional relief was necessary to effectuate its decree.

7. See note 3 supra and accompanying text. 29 U.S.C. § 402(h) (1970) of the LMRDA defines a "trusteeship" as "any receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws."

The UMWA also contends that even if these Districts are legitimately classed as subordinate "labor organizations," they have never suffered a loss of "autonomy otherwise available" and thus are not in trusteeship. We believe there is ample evidence in the record to support the District Court's rejection of this claim.

8. 29 U.S.C. § 402(i) (1970). This section, in the portion not quoted in the text, also adds to the Act's coverage "any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization . . . . "

The UMWA argues that because this list and a similar one found in 29 U.S.C. § 402(j) (1970) of the LMRDA do not include "Districts" by name, the inference should be drawn that a District subordinate to an international union is not covered. It is clear, however, that this portion of § 402(i) was added to the general coverage provisions quoted in the text to increase the scope of the statute's reach and not restrict it. See

■ We hold that these Districts fall within this functional definition. Contrary to appellant's characterization of them as mere administrative arms of the UMWA, these Districts live a vigorous and substantial life of their own. As the Court below noted, the Districts organize nonunion mines, handle some grievances, and deal directly with employers. Indeed, the UMWA's own constitution confirms the real authority of the Districts and their officers. In thus holding that the District Court properly concluded that these Districts are subordinate "labor organizations" within the meaning of section 402(i), we align ourselves with other courts that have ruled concerning the Districts' status under this and related statutory schemes,[9] and give full force to the Congressional intent "to provide comprehensive coverage of labor organizations engaged in any degree in the representation of employees or administration of collective bargaining agreements."[10]

> 105 Cong.Rec. 6516 (1959) (remarks of Senators Goldwater and Kennedy). *See also* H.R.Rep.No.741, 86th Cong., 1st Sess. at 28, U.S.Code Cong. & Admin. News 1959, p. 2424.

9. *See* Monborne v. United Mine Workers, 342 F.Supp. 718, 722 (W.D.Pa.1972). *Cf.* NLRB v. United Mine Workers, 202 F.2d 177 (3d Cir. 1953) (proceeding under the NLRA); Antal v. District 5, United Mine Workers, 334 F.Supp. 903 (W.D.Pa.), aff'd, 451 F.2d 1187 (3d Cir. 1971). *Compare* International Union, U.M.W.A. v. Dist. 50, U.M.W.A., 140 U.S.App.D.C. 349, 356 n. 5, 435 F.2d 421, 428 n. 5 (1970), cert. denied, 402 U.S. 906, 91 S.Ct. 1372, 28 L.Ed.2d 645 (1971), *with* Ragland v. United Mine Workers, 188 F.Supp. 131 (N.D.Ala. 1960).

10. H.R.Rep.No. 741, 86th Cong., 1st Sess. at 28, U.S.Code Cong. & Admin.News 1959, p. 2451.

11. *See* note 6 *supra.*

12. 29 U.S.C. § 464(a), (1970) of the LMRDA authorized the plaintiff in Title III suits to seek "such relief (including injunctions) as may be appropriate."

■ We also conclude that the relief ordered by the District Court, though admittedly comprehensive,[11] was "appropriate" and within the Court's broad equitable powers to fashion a suitable remedy for the inevitable atrophy of democratic principles and procedures during the decades that these Districts were in trusteeship.[12] *See* Schonfeld v. Raftery, 271 F.Supp. 128, 148 (S.D.N.Y.), aff'd, 381 F.2d 446 (2d Cir. 1967). *See also* Hecht Company v. Bowles, 321 U.S. 321, 329–330, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

This case is remanded to the District Court to enable it to proceed, under its assertion of continuing jurisdiction, with the matters referred to in its recent Report to this Court, and with any other issues that may arise as the terms of its Order are implemented.[13] *Cf.* System Federation v. Wright, 364 U.S. 642, 646–650, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961).

It is so ordered.

13. Our decision today facilitates our ready disposition of a series of motions filed in this Court after this case was submitted to us at the conclusion of oral argument. The untimely motion to intervene on appeal is dismissed as moot, though we note in passing that the arguments that presumably would have been presented by the proposed intervenors were generally already before the Court in the presentation of the appellant. Further, though we presently see no reason under the circumstances of this case to deny the motion by counsel for the intervenors below to appear instead for the UMWA on this appeal, the positions of the UMWA and the intervenors on this appeal now being identical, that motion is also dismissed as moot, since today's decision terminates the need for appellate counsel in this litigation. Similar motions for leave to appear, now pending before the District Court, will be acted upon by that Court in the light of the circumstances there appearing. Finally, we refer the UMWA's motion for extension of time to file trusteeship reports to the District Court for its consideration pursuant to our remand.