**R. M. RODDY et al., Plaintiffs,**

v.

**UNITED TRANSPORTATION UNION and Alabama State Legislative Board, United Transportation Union, Defendants.**

**No. CA 77–H–1638–S.**

United States District Court,
N. D. Alabama, S. D.

April 19, 1979.

Charles H. Huey, Cooper & Huey, Birmingham, Ala., for plaintiffs.

Clarence M. Small, Jr., and Thomas A. Carraway, Rives, Peterson, Pettus, Conway, Elliott & Small, Birmingham, Ala., for defendants.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

The motion of defendants for summary judgment was argued orally on December 8, 1978, at which time counsel requested an additional 90 days for submission of additional verified material and supplemental briefs addressed to the motion. Substantial material has been submitted, and in addition the plaintiffs have amended their complaint. The motion for summary judgment, being viewed as addressed to the amended complaint, is now submitted for a decision. Also before the court is the cross-motion for summary judgment filed by plaintiffs on

March 22, 1979. The following facts are not in dispute.

United Transportation Union (UTU) is a "labor organization" as defined in 29 U.S.C. § 402 and operates under a constitution which has been duly filed in accordance with 29 U.S.C. § 431. Under Article 93 of that constitution the legislative representatives, elected pursuant to Article 57 by the various locals of UTU situated in the State of Alabama, constitute the Alabama State Legislative Board (Board) which has promulgated its own set of by-laws. There are presently 13 such locals in Alabama and consequently there are 13 members of the Board. The Board does not have its own constitution but relies upon the constitution of UTU for its existence. The Board is viewed by the U. S. Department of Labor as a labor organization within the meaning of the Labor-Management Reporting and Disclosure Act of 1959, 42 U.S.C. §§ 401, et seq. (LMRDA) and has been so viewed for a number of years. The Board likewise considers itself a labor organization and files the annual financial reports with the Secretary of Labor as required by 29 U.S.C. § 431.

The duties of the Board, set out in Article 95 of UTU's constitution, fall under two major categories: politics and safety. Prior to each primary and general election in the state, the Board is to convene for the purpose of endorsing or making recommendations for candidates in the election. The Board monitors the activities of the state legislature to keep the membership informed of matters of interest and may authorize its State Legislative Director (Director) to campaign for or against the enactment of particular bills. The Director, Noah Flannigan, is a registered lobbyist in the State of Alabama and is one of two full time employees of the Board. The other full time employee is a secretary.

The Board, acting through the Director, has the responsibility of protecting the general welfare of the members of UTU by reporting violations of state laws or regulations and by appearing before appropriate agencies as a representative of UTU. The Board's authority does not extend to any direct dealings with employers of members of UTU and it does not participate in any negotiations with these employers or in any functions at the local level. All dues are collected by the locals and sent directly to UTU, including the assessments questioned in the present case. Those assessments are placed in a State Legislative Advance Fund (Fund) earmarked for the Board and are not comingled with assessments levied by similar state boards. The Board is reimbursed from the Fund for its expenses, including wages and other allowances, by the UTU treasurer upon the submission of the original receipts and itemized expenses to UTU. All expenses are scrutinized by UTU and must comply with both the guidelines set out by UTU and the by-laws of the Board. The UTU performs most of the banking and accounting functions involved with the Fund and files with the Secretary of Labor the Board's financial reports required to be filed by labor organizations under 29 U.S.C. § 431.

For some time prior to January 1, 1977, each member of the thirteen Alabama locals affiliated with UTU was assessed $1.35 per month to maintain the Fund in conformity with Article 94 of the constitution of UTU. At a meeting of the 7-member executive committee of the Board held on September 3, 1976, a majority of the executive committee voted to increase the monthly assessment to $2.50 per member per month. Pursuant to directions of the executive committee, and in accordance with Article XIII of the Board's by-laws and Article 94 of UTU's constitution, the entire membership of the Board, viz, 13 members, was submitted a written ballot by mail on the issue of whether the assessment should be so increased and a majority of the membership of the Board voted in favor of the increase. Thereafter, the officers and members of the 13 Alabama locals affiliated with UTU received a notice that the increase would become effective on January 1, 1977. Except to the extent that the foregoing may constitute such approval, the increase was not approved by any Alabama local in accordance with 29 U.S.C. § 411(a)(3)(A) and was

not approved by UTU in accordance with 29 U.S.C. § 411(a)(3)(B).

Plaintiff, a member of UTU and its affiliated Local No. 847 in the State of Alabama, on behalf of himself and all other members of the 13 locals in Alabama affiliated with UTU, filed this action against UTU and the Board challenging the validity of the increase in the assessment. The challenge is not directed at a failure to comply with the constitution of UTU or the by-laws of the Board. Rather the challenge is directed at the failure of defendants to comply with the LMRDA. The relevant portions of the LMRDA establish a "Bill of Rights" for members of all labor organizations which protects those members from actions taken by officers of labor organizations without proper democratic safeguards. Plaintiffs contend that dues were increased for the Alabama local chapters of UTU without compliance with those safeguards. More specifically, plaintiffs take the position that the Board is not a "labor organization" within the meaning of the LMRDA, but is merely an alter ego or legislative arm of UTU. In support of this position, plaintiffs argue that the Board is not chartered, has no separate constitution, does not represent employees with employers, is a state or central body and is not autonomous. In the alternative, plaintiffs argue that even if the Board is a labor organization, it has not complied with 29 U.S.C. § 411(a)(3)(B) in effecting the increase and hence the increase must be struck down. The merits of these arguments are discussed below.

■ The threshold issue presented by the pending motion is whether the Board is a "labor organization," as defined in 29 U.S.C. § 402(i), or whether the Board is merely an arm of UTU which admittedly is a "labor organization." The LMRDA defines a "labor organization" as a labor organization engaged in an industry affecting commerce and specifically includes (1) any organization so engaged (a) in which employees participate and (b) which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, or conditions of employment, and (2) any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a state or local central body. 29 U.S.C. § 402(i). A labor organization is engaged in an industry affecting commerce if it is a conference, general committee, joint or system board, or joint council subordinate to a national or international labor organization so engaged, unless it is a state or local central body. 29 U.S.C. § 402(j)(5). While the statute expresses an intent to bring within the ambit of the LMRDA all organizations not expressly excluded, the regulations promulgated thereunder more clearly express this intent:

> In accordance with the broad language used and the manifest congressional intent, the language will be construed broadly to include all labor organizations of any kind other than those clearly shown to be outside the scope of the Act. 29 C.F.R. § 451.2.

> Regardless of whether it deals with employers concerning terms and conditions of employment and regardless of whether it is composed of employees, any conference, general committee, joint or system board, or joint council engaged in an industry affecting commerce and which is subordinate to a national or international labor organization is a "labor organization" for purposes of the Act. 29 C.F.R. § 451.3(b).

UTU is an international labor organization engaged in an industry affecting commerce. Under its constitution the Board has been created as a subordinate board jointly consisting of the 13 locals in Alabama affiliated with UTU. Unless it is a state or central body, it must be viewed as a separate "labor organization" under LMRDA, and the absence of its own constitution does not prevent the Board from being a "labor organization." Indeed, the absence of a separate constitution is consistent with the required element of subordination to an international labor organization. The regulations provide that an organization subject to the filing requirements of the LMRDA

may adopt, by virtue of affiliation, the constitution of the parent organization and may reference the parent's copy in lieu of filing its own copy. 29 C.F.R. § 402.3. Neither does the absence of direct dealings with employers prevent the Board from being a "labor organization" for the § 402(i) does not require that type activity of a joint board which is subordinate to an international labor organization such as UTU. The remaining reason given by plaintiffs to support their argument that the Board is not a labor organization, viz, that the Board is a state or central body, is without merit. The Board is subordinate to and associated with only one international labor organization, and the regulations expressly provide that an organization of local unions or subordinate bodies of a single international union is not a state or local central body. 29 C.F.R. § 451.5(b). In summary, the court is of the opinion that the Board is a "labor organization" as defined in 29 U.S.C. § 402(i).

Before resolving the remaining issue of whether the Board has complied with 29 U.S.C. § 411(a)(3)(B), the membership of the Board must first be identified. Plaintiffs argue that only the 13 legislative representatives are its "members" and thus the Board may only increase the dues of those representatives. Defendants argue that all members of the 13 locals supplying their respective legislative representatives are "members" and thus the Board may increase the dues of all members of those 13 locals. There is a third possibility, not argued by the parties, which would have the 13 locals themselves the "members" of the Board and thus the Board could only increase dues of the 13 locals, leaving it to those locals to determine how they would raise the assessments.

While the matter is certainly not free from doubt, the court is of the opinion that all members of the 13 locals are "members" of the Board. Plaintiffs argue against this by pointing out the absence of any provision to this effect in either the Board's by-laws or UTU's constitution. But plaintiffs would concede that all members of the 13 locals are "members" of UTU, yet Article 2 of UTU's constitution expressly provides that the membership of UTU consists of "One Delegate from each Local." In Article 93 of that constitution, which directs the formation of the Board, the purpose for that formation is stated to be the protection of the legislative interests "of the members under its jurisdiction." And Article 94 of that constitution, which requires the Board to maintain the Fund, directs that the Fund be maintained "through assessments levied upon the members under their jurisdiction." The members of the 13 locals electing their legislative representatives under Article 57 of that constitution must be viewed as members under the jurisdiction of the Board and hence subject to assessments by the Board.[1]

The final issue, then, is to decide if the raise was properly accomplished. As a labor organization, the Board may raise dues only after approval by (1) a convention, (2) a membership referendum, or (3) the labor organization's executive board or similar governing body pursuant to express authority in the constitution and the by-laws of the organization. 29 U.S.C. § 411(a)(3)(B). A raise under this third alternative is temporary and is effective only until the next regular convention of the organization. It seems clear that the representatives of the 13 Alabama locals comprise the "executive board or similar governing body" of the Board, and it is undisputed that express provisions of UTU's constitution and the Board's by-laws authorizing an increase in dues were satisfied with regard to the increase in the per member monthly assessment from $1.35 to $2.50. While the route selected for raising the dues limits the increase only until the 1980 regular convention, this does not affect the validity of that increase. Having

1. The court notes that while Article 2 of UTU's constitution establishes the members of UTU as consisting of a single delegate from each local, Article 12 permits UTU to assess monthly dues on "all members employed in transportation service." The court does not view this as authorizing assessments only against the single delegate from each local.

raised the dues under 29 U.S.C. § 411(a)(3)(B)(iii), the raise will be ineffective after the next regular convention unless the raise is accomplished under either § 411(a)(3)(B)(i) or § 411(a)(3)(B)(ii).

There is no dispute as to any material fact, and for the reasons stated herein the court is of the opinion that defendants are entitled to a judgment as a matter of law. A separate judgment will be entered.