Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

NATIONAL TRANSIENT DIVISION, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, et al., Defendants.

Civ. A. No. 79–2074.

United States District Court, D. Kansas.

July 15, 1982.

Jim J. Marquez, U. S. Atty., Vernon E. Lewis, Asst. U. S. Atty., D. Kan., Kansas City, Kan., for plaintiff.

John J. Blake, Steve A. Bukaty, Joseph W. Moreland, Blake & Uhlig, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an action brought by the Secretary of Labor under the Labor-Management Reporting & Disclosure Act, 29 U.S.C. § 401 et seq. [hereinafter "LMRDA"] for a judgment directing defendant International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO, CLC [hereinafter "International"] to insure that defendant National Transient Division [hereinafter "NTD"] of the International conducts an election of officers under plaintiff's supervision and files and maintains records with the Secretary. A trial to the Court was held on this matter on June 6, 7 and 8, 1982. Following submissions and arguments by the parties, the Court makes the following findings of fact and conclusions of law.

Defendant NTD is one of five divisions of the International as established by the International constitution. Unlike the other four divisions, NTD has no local organizations. Rather, NTD was established for the purpose of giving status to those members who, by the transient nature of their jobs, have no fixed place of employment, and who, thus, are not able to carry membership in a local lodge or participate in its activities.

The NTD is administered by a national director and eight district representatives who report directly to the national director. These officials are appointed by the International president to serve at his pleasure. The district representatives supervise the activities of the NTD in their respective regions nationwide except for those areas covered by the Nine Western States Field Construction Agreement. These officials, together with other NTD members, negotiate a collective bargaining agreement known as the NTD Articles of Agreement for the benefit of the NTD membership. This agreement covers such matters as labor disputes, grievances, hours and other terms or conditions of employment. The NTD Agreement is not a complete collective bargaining agreement in itself, as it relies upon the International and local agreements for wage compensation and other employee benefits.

The NTD consists of approximately eight thousand members, nation-wide, who travel throughout the United States and other

countries working on the construction of steel tanks and related structures. NTD members perform highly skilled and specialized boilermaker crafts. Testimony throughout the trial was consistent that these workers are highly-motivated, efficient craftsmen who take pride in their work. Hired and trained directly by the NTD employers, members travel from job to job with their individual employers. Maintaining traveling crews specialized in the industry allows the NTD contractor to accurately predict his costs because he knows the skills and abilities of his employees and he does not have to certify members on each job. At trial, the plea of the contractors was not to change the efficient operation of the union.

On May 31, 1978, some members of NTD protested to the International president about the failure of NTD to elect its own officers. When the International president's response failed to satisfy them, the members appealed their grievance to the International Executive Council. Failing to get a final decision from the International within three months, the complainants filed a complaint with the Labor Department. The Secretary filed this action on March 29, 1979.

The Court has previously ruled upon the matter of jurisdiction in its Memorandum and Order on the motion for summary judgment. Defendants have presented no new arguments in support of their contention that the Court does not have jurisdiction over this action; therefore, the Court finds that jurisdiction is proper.

The issues before the Court are whether defendant NTD is a "labor organization" within the meaning of 29 U.S.C. § 402(i) and (j), and whether it is a local labor organization as used in 29 U.S.C. § 481. Section 402, Title 29, United States Code, provides, in part:

"(i) 'Labor organization' means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

"(j) A labor organization shall be deemed to be engaged in an industry affecting commerce if it—

\* \* \* \* \* \*

"(2) although not certified, is a national or international labor organization or a local labor organization recognized or acting as the representative of employees of an employer or employers engaged in an industry affecting commerce; or

\* \* \* \* \* \*

"(4) has been chartered by a labor organization representing or actively seeking to represent employees within the meaning of paragraph (1) or (2) as the local or subordinate body through which such employees may enjoy membership or become affiliated with such labor organization; or

"(5) is a conference, general committee, joint or system board, or joint council, subordinate to a national or international labor organization, which includes a labor organization engaged in an industry affecting commerce within the meaning of any of the preceding paragraphs of this subsection, other than a State or local central body."

To fall within the ambit of this chapter, a "labor organization" must deal with an employer and act as representative of employees of an employer. *Local 1498, Am. Fed. of G. Emp. v. American Fed. of G. Emp.*, 522 F.2d 486 (3rd Cir. 1975). The fact that an organization or division does not have its own constitution does not preclude it from being a "labor organization" under the LMRDA. *Roddy v. United Transp. Union*, 479 F.Supp. 57 (N.D.Ala.

1979), *aff'd.* 608 F.2d 522 (5th Cir. 1979). Similarly, the fact that the division is merely an administrative arm of the International does not prevent it from being classified as a "labor organization" in its own right if it meets the criteria set by the LMRDA. *Cross v. United Mine Workers of America,* 353 F.Supp. 504 (S.D.Ill.1973); *Monborne v. United Mine Workers of America,* 342 F.Supp. 718 (W.D.Pa.1972). Here, the NTD deals directly with the employers who become signatories to the NTD Articles of Agreement. The NTD district representatives handle grievances under the NTD Articles of Agreement for NTD members. Defendants do not dispute that the NTD is an organization engaged in an industry affecting commerce under the definition of 29 U.S.C. § 402(j). Therefore, under the terms of 29 U.S.C. § 402(i), NTD is a "labor organization."

■ Defendants, who offer little resistance to the categorization of NTD as a "labor organization," seriously dispute plaintiff's contention that NTD is a "local" labor organization. The term "local" is not defined within the LMRDA. Plaintiff asserts that the similarity of functions between generally-recognized locals and NTD in the areas of handling grievances and collecting dues establish NTD as a "local." Treatises define a local as a basic unit which extends to employers in a defined geographical area. *See* Bok and Dunlop, *Labor in American Community,* 150 (Simon and Schuster, 1970); Goldman, *Labor Law and Industrial Relations in the U. S. A.,* 182 (1979); Sloane and Witney, *Labor Relations,* 3d Ed. 1971 (Prentice Hall, Inc. 1977). The evidence points out that NTD is not a local labor unit. The word "national" in its title clearly defines the geographical boundaries of NTD. The transient nature of the work necessitated the shift of NTD from a Chicago local to a national organization. Despite the similarities in function, the Court cannot find that NTD is a "local" labor organization.

■ Accordingly, the Court finds that NTD is a national labor organization and must comply with the requirements of the LMRDA as they apply to national labor organizations. The Court would note that, in making this finding, it does not imply that any prejudice has resulted from the present method of appointing officers, merely that such a procedure is prohibited by the LMRDA.

Defendants have made various arguments that NTD could not hold elections, and thus the Court cannot order them to comply with the Act. Such arguments are without merit as to a determination that NTD must follow the provisions of the Act. *See Monborne v. United Mine Workers of America, supra,* 342 F.Supp. 718. Congress has determined that labor organizations must hold elections and make certain reporting requirements. It is not within the Court's province to exempt a labor organization from following the LMRDA requirements because compliance is difficult. Such arguments would be more appropriately taken before the Congress.

Further, the Court finds that defendants have made no argument that a national election is impossible. Such elections, outside the initial election, would be no more difficult than the present International election. In fact, the two elections could be held jointly.

■ In addition, the Court finds no merit to defendants' argument that elections and reporting will destroy the NTD. There is simply no evidence to show that elected officers will in any way change the structure or purpose of the labor organization as it is now run by appointed officers. The only difference is that the officers and representatives will be responsive to the members themselves, as opposed to only the International president.

IT IS BY THE COURT THEREFORE ORDERED that judgment is hereby entered for plaintiff in accordance with the foregoing. IT IS FURTHER ORDERED that the National Transient Division of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO, CLC is a national labor organization subject to the provisions

of the Labor-Management Reporting & Disclosure Act, 29 U.S.C. § 401 *et seq.*, and must act in accordance with those provisions under the supervision of the Secretary of Labor.

IT IS SO ORDERED.